UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EGYPT HOUSE,<br>    Plaintiff,<br><br>v.<br><br>JOHN P. KELLEY, *et al.,*<br>    Defendants. | ) Civil Action No.: _____<br>)<br>) **ORAL ARGUMENT REQUESTED**<br>)<br>)<br>)<br>) |

## MOTION FOR PRELIMINARY INJUNCTION

CONTEMPORANEOUS HEREWITH Egypt House files its Verified Complaint for violations under 42 U.S.C.S. § 1983, 42 U.S.C.S. § 1985, 42 U.S.C.S. § 1986, and G.L. c. 12, § 11I (the "Verified Complaint"). The Verified Complaint is filed to stop the desecration of a consecrated space by the state. Currently pending before the Appellate Tax Board ("ATB") is Docket No.: F-351238, an abatement denial appeal. As more particularly described in the Verified Complaint, Defendants are actively impeding Egypt House from recognition under G. L. c. 59, § 5 (10) and (11)[1] (the "Statutory Exemptions"). Pursuant to an

---

[1]     Tenth, Personal property owned by or held in trust within the commonwealth for religious organizations, whether or not incorporated, if the principal or income is used or appropriated for religious, benevolent or charitable purposes.
    Eleventh, Notwithstanding the provisions of any other general or special law to the contrary, houses of religious worship owned by, or held in trust for the use of, any religious organization, and the pews and furniture and each parsonage so owned, or held in irrevocable trust, for the exclusive benefit of the religious organizations, and including the official residences occupied by district superintendents of the United Methodist Church and the Christian and Missionary Alliance and of the Church of the Nazarene, and by district executives of the Southern New England District of the Assemblies of God, Inc., Unitarian-Universalist Churches and the Baptist General Conference of New England, and the official residence occupied by the president of the New England Synod of the Lutheran Church in America, Inc., and the official residence occupied by a person who has been designated by the congregation of a Hebrew Synagogue or Temple as the rabbi thereof, but such exemption shall not, except as herein provided, extend to any portion of any such house of religious worship appropriated for purposes other than religious worship or instruction. The occasional or incidental use of such property by an organization exempt from taxation under the provisions of 26 USC Sec. 501(c)(3) of the Federal Internal Revenue Code shall not be deemed to be an appropriation for purposes other than religious worship or instruction. ALM GL ch. 59, § 5.

ATB appeal under G.L. c. 58A, § 7,[2] using the process known as the Formal Procedure,[3] G.L. c. 58A, § 8A[4] provides for a site inspection of the site at issue. Pursuant to USCS Fed Rules Civ Proc R 65, Egypt House moves for a preliminary injunction restraining and enjoining the ATB, Defendant DeFrancisco, and the Board of Assessors, Town of Marblehead (the "Defendant Marblehead Assessors") from allowing a G.L. c. 58A, § 8A inspection (a) to be performed by Defendant Kelley and Defendant Provencher, each of whom have exemplified a personal animus against the ministry of Egypt House and, in the case of Defendant Provencher, uses the mischaracterization of facts to dissemble before the ATB and the press; (b) to photograph or otherwise record the relics, icons, altar, and other holy objects within Egypt House; (c) to empower Defendant DeFrancisco as arbiter of disputes regarding arising pursuant to the subject inspection; and (d) to allow handling of the sacred objects to include, without limitation, relics (to include the prohibition from opening any reliquary), sacred vessels, altars, and icons (collectively, the actions enumerated under sub-section (a), (b), (c), and (d), the "Enjoined Actions"). The Enjoined Actions are in direct opposition to the precepts of the Orthodox Catholic Church (colloquially, Greek Orthodox Church or Russian Orthodox Church). By allowing the inspection to proceed with the Enjoined Actions, Egypt House will sustain irreparable harm.

---

[2] *In pertinent part,* "[a]ny party taking an appeal to the board, hereinafter called the appellant, from a decision or determination of the commissioner or of a board of assessors, hereinafter referred to as the appellee, shall file a petition with the clerk of the appellate tax board and serve upon said appellee a copy thereof in the manner provided in section 9." G.L. c. 58A, § 7.

[3] 831 CMR 1.05.

[4] Before the hearing of a petition for the abatement of a tax upon real estate, machinery or other tangible property, the appellant shall permit the appellee personally or by attorneys, experts or other agents, to enter upon such real estate or upon any premises where such personal property is situated and examine and inspect such real estate or personal property, including any property which the appellant claims is exempt from taxation. . . . . G.L. c. 58A, § 8A.

In support of this Motion, Egypt House relies on Memorandum in Support of Motion for Preliminary Injunction submitted herewith.

Egypt House respectfully requests a hearing on its Motion and an Order for Preliminary Injunction be entered in the proposed form attached hereto.

Respectfully submitted,

DATED:  March 12, 2025         /s/Tracey M.A. Stockton
Tracey M.A. Stockton (MA Bar No.: 568495)
Admitted before the United States District Court,
Massachusetts District

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EGYPT HOUSE,<br>  Plaintiff, | )   Civil Action No.: _____<br>)<br>) |
| v. | )<br>) |
| JOHN P. KELLEY, *et al.*<br>  Defendants. | )   **ORDER**<br>) |

  This matter comes before the Court on the Motion for Preliminary Injunction. Upon consideration of the Motion, it is hereby:

  ORDERED that the Motion is GRANTED. SO ORDERED.

_____

_____
    [Print Name]

UNITED STATED DISTRICT JUDGE
United States District Court for the Massachusetts District

Date: _____

**CERTIFICATE OF SERVICE**

    I certify a copy of the above Motion for Preliminary Injunction was mailed on March \_\_\_, 2025, to the following parties:

John P. Kelley
Chairman of the Board of Assessors
Mary Alley Building
7 Widger Road
Marblehead, Massachusetts 01945

John P. Kelley
22 Merritt Street
Marblehead, Massachusetts 01945

William P. Willis
Board of Assessors
Mary Alley Building
7 Widger Road
Marblehead, Massachusetts 01945

William P. Willis
25 Spray Avenue
Marblehead, Massachusetts 01945

Jonathan Lederman
Board of Assessors
Mary Alley Building
7 Widger Road
Marblehead, Massachusetts 01945

Jonathan Lederman
8 Ida Road
Marblehead, Massachusetts 01945

Todd Laramie
Board of Assessors
Mary Alley Building
7 Widger Road
Marblehead, Massachusetts 01945

Todd Laramie
26 Summer Street, Apt. No.: 4
Marblehead, Massachusetts 01945

Karen Bertolino
Board of Assessors
Mary Alley Building
7 Widger Road
Marblehead, Massachusetts 01945.

Karen Bertolino
35 Mansfield Road
Lynnfield, Massachusetts 01940

Michael Tumulty
Board of Assessors
Mary Alley Building
7 Widger Road
Marblehead, Massachusetts 01945

Michael Tumulty
Town of Marblehead
Abbott Hall
188 Washington Street
Marblehead, Massachusetts 01945

Michael Tumulty
Residence Address TBD

Douglas E. Percy
Board of Assessors
Mary Alley Building
7 Widger Road
Marblehead, Massachusetts 01945

Douglas E. Percy
12 Upland Road
Marblehead, Massachusetts 01945

Board of Assessors
Town of Marblehead
Abbott Hall
188 Washington Street
Marblehead, Massachusetts 01945

Town of Marblehead
Abbott Hall
188 Washington Street
Marblehead, Massachusetts 01945

Thatcher W. Kezer, III
Town Administrator
Abbott Hall
188 Washington Street,
Marblehead, Massachusetts 01945

Thatcher W. Kezer, III
92 Monroe Street
Amesbury, Massachusetts 01913

Lisa L. Mead
Mead, Talerman & Costa, LLC
30 Green Street
Newburyport, Massachusetts 01950

Lisa L. Mead
13 Purchase Street
Newburyport, Massachusetts 01950

Adam J. Costa
Mead, Talerman & Costa, LLC
30 Green Street
Newburyport, Massachusetts 01950

Adam J. Costa
4 Pond Edge Lane
Ipswich, Massachusetts 01938

Matthew D. Provencher
Mead, Talerman & Costa, LLC
227 Union Street, No.:  610
New Bedford, Massachusetts 02740

Matthew D. Provencher
1136 Chaffee Street
New Bedford, Massachusetts 02745

Mark J. DeFrancisco
Chairman
Appellate Tax Board
100 Cambridge Street, Suite No.: 200
Boston, Massachusetts 02114

Mark J. DeFrancisco
Residence Address TBD

/s/Tracey M.A. Stockton

Certificate of Service - Page 3 of 3