## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EGYPT HOUSE,<br><br>     Plaintiff,<br><br>v.<br><br>JOHN P. KELLEY, AS AN INDIVIDUAL AND IN HIS CAPACITY AS CHAIRMAN OF THE BOARD OF ASSESSORS, WILLIAM J. WILLIS, AS AN INDIVIDUAL AND IN HIS CAPACITY AS MEMBER OF THE BOARD OF ASSESSORS, JONATHAN LEDERMAN, AS AN INDIVIDUAL AND IN HIS CAPACITY AS MEMBER OF THE BOARD OF ASSESSORS, TODD LARAMIE, AS AN INDIVIDUAL AND IN HIS CAPACITY AS ASSISTANT ASSESSOR, KAREN D. BERTOLINO, AS AN INDIVIDUAL AND FORMER ASSISTANT ASSESSOR, MICHAEL TUMULTY, AS AN INDIVIDUAL, IN HIS CAPACITY AS ASSISTANT ASSESSOR (RET.), AND CONSULTANT TO THE TOWN OF MARBLEHEAD, DOUGLAS E. PERCY, AS AN INDIVIDUAL AND IN HIS CAPACITY AS MEMBER OF BOARD OF ASSESSORS, BOARD OF ASSESSORS, TOWN OF MARBLEHEAD, THE TOWN OF MARBLEHEAD, A MASSACHUSETTS TOWNSHIP, THATCHER W. KEZER, III, AS AN INDIVIDUAL AND IN HIS CAPACITY AS TOWN ADMINISTRATOR, LISA L. MEAD, AS AN INDIVIDUAL AND IN HER CAPACITY AS TOWN COUNSEL, ADAM J. COSTA OF MEAD, TALERMAN & COSTA, LLC, AS AN INDIVIDUAL AND IN HIS CAPACITY AS COUNSEL TO THE TOWN OF MARBLEHEAD, MATTHEW D. PROVENCHER OF MEAD, TALERMAN & COSTA, LLC, AS AN INDIVIDUAL AND IN HIS CAPACITY AS COUNSEL TO THE TOWN OF MARBLEHEAD, AND MARK J. DEFRANCISCO, AS AN INDIVIDUAL AS TO CLAIMS ARISING UNDER G.L. C. 12, § 11I AND IN HIS CAPACITY AS CHAIRMAN OF THE APPELLATE TAX BOARD (EQUITABLE RELIEF ONLY AS TO CLAIMS ARISING UNDER 42 U.S.C.S. § 1983 AND 42 U.S.C.S. § 1985),<br><br>     Defendants. | C.A. No.: 1:25-cv-10597-BEM |

## <u>OPPOSITION OF DEFENDANTS ADAM COSTA, LISA MEAD, AND MATTHEW PROVENCHER TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND OPPOSITION TO PLAINTIFF'S MOTION FOR STAY</u>

Defendants Adam Costa, Esq., Lisa Mead, Esq., and Matthew Provencher Esq. (collectively "Town Counsel Defendants") hereby oppose Plaintiff, Egypt House's Motion for Preliminary Injunction (the "Motion"), and Plaintiff's separately filed Motion for Stay. In support of this Opposition, Town Counsel Defendants state as follows.

## INTRODUCTION

This matter arises from Plaintiff's dispute with a municipality, its employees, and its counsel, regarding state property taxes, which entirely belongs in state court. Plaintiff expressly requests via its Complaint and the Motion that this Court interfere with ongoing state proceedings, specifically the currently pending matter before the Massachusetts Appellate Tax Board (the "ATB") between Plaintiff and the Board of Assessors of the Town of Marblehead (the "Board of Assessors") concerning Plaintiff's request for an abatement of local property taxes, and the execution of an Order of the ATB for an inspection of Plaintiff's property relative to its request for an abatement, pursuant to M.G. L. c. 58A, § 8A.[1] The Town Counsel Defendants are attorneys with the firm of Mead, Talerman & Costa, LLC, and are counsel for the Town of Marblehead (the "Town"), including in the pending matter before the ATB. Therefore, as an initial matter, this Court should refrain from hearing this action in its entirety, including Plaintiff's Motion, to avoid such interference in the interests of federalism and comity.

---

[1] M.G. L. c. 58A, § 8A states, in part, that "[b]efore the hearing of a petition for the abatement of a tax upon real estate, machinery or other tangible property, the appellant shall permit the appellee personally or by attorneys, experts or other agents, to enter upon such real estate or upon any premises where such personal property is situated and examine and inspect such real estate or personal property, including any property which the appellant claims is exempt from taxation."

In the event that the Court reaches the Motion, Plaintiff's Motion should be denied on the grounds that it is facially deficient, as it consists of only unsworn, uncorroborated and inflammatory allegations, unsupported by affidavit or verified pleading, and legal conclusions made without citation to authority, which this Court should not credit and which cannot sustain a motion for a preliminary injunction. Further, on the merits, Plaintiff fails to meet its burden of demonstrating a likelihood of success, or that it will suffer irreparable harm in the absence of preliminary relief. Specifically with respect to the Town Counsel Defendants, Plaintiff's constitutional claims in the Complaint all fail because to the extent that the Town Counsel are sued in their individual capacities, they are not state actors, and to the extent that they are sued in their capacity as counsel for the Town of Marblehead, they are entitled to absolute immunity.

Finally, Plaintiff's Motion to Stay, which asks this Court to stay the pending proceeding before the ATB should denied for the same reasons, and because Plaintiff cites to no authority by which this Court would be permitted to grant an injunction to stay the proceedings.

## BRIEF RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's Complaint, filed on March 12, 2025, asserts constitutional claims via 42 U.S.C.S. § 1983, 42 U.S.C.S. § 1985, and M.G.L. c. 12, § 11I; and violation of 42 U.S.C.S. § 1986, and seeks injunctive relief and damages, against fourteen defendants: members of the Board of Assessors, the Board of Assessors, the Town, the Chairman of the ATB, and the Town Counsel Defendants, Adam Costa, Esq., Lisa Mead, Esq., and Matthew Provencher Esq., who are named both as individuals and in their capacities as counsel for the Town. Plaintiff's Complaint, though not a model of clarity, asserts with respect to the Town Counsel Defendants that they have deprived Plaintiff of an abatement of local property taxes based on its claimed religious exemption; refrained from prohibiting tortious conduct by the Defendant members of the Board of Assessors

and the Town against Plaintiff; and subjecting Plaintiff to an inspection pursuant to M.G. L. c. 58A, § 8A. *See* Plaintiff's Complaint (Doc. 2), at ¶¶ 32, 38, 39. Further, Plaintiff's Complaint alleges that Attorney Mead failed to train municipal employees in tenets of customer service, and that Attorney Provencher, as Town Counsel, stated in a proceeding before the ATB that Plaintiff had refused to respond to discovery served on it and moved to compel Plaintiff to respond. *See* Plaintiff's Complaint (Doc. 2), at ¶¶ 23, 34. The Complaint generally lacks factual allegations that clearly identify the alleged wrongful conduct, and contains no allegations whatsoever against Town Counsel Defendants concerning any conduct outside of their work representing and/or advising the Town in the context of the ATB proceeding, which remains pending. Despite that the pleading is titled "Verified Complaint," in fact, no verification accompanies the Complaint.[2]

Briefly, the context of Plaintiff's Complaint is a pending proceeding in the ATB, *Egypt House v. Bd. of Assessors of the Town of Marblehead*, Docket No. F-351238, in which Plaintiff appeals a determination of the Board of Assessors relative to Plaintiff's request for a property tax abatement on the grounds of the use of the property for religious purposes. In *Egypt House v. Bd. of Assessors*, the ATB issued an Order on January 7, 2025 permitting an inspection of Plaintiff's property pursuant to M.G. L. c. 58A, § 8A by the Town's assessors and its attorneys, and specifically allowing the assessors to photograph the interior of the property without limitation, with the Chairman of the ATB, Defendant DeFrancisco, to resolve any disagreement that might arise during the inspection concerning photographs. *See* January 7, 2025 Order, Exhibit A to Plaintiff's Motion.

---

[2] A proper verification should declare under the penalty of perjury, that the facts stated are true and correct. *See* 28 U.S.C. § 1746. Plaintiff's Complaint is signed only by Plaintiff's counsel, and contains no signed statement, under the pains and penalties of perjury, that the facts as alleged in the Complaint are true and correct.

Plaintiff thereafter filed an "Emergency Motion for Preliminary Injunction" in the Supreme Judicial Court of Massachusetts, seeking an injunction to restrain the ATB from allowing the inspection, which was denied, on February 20, 2025, on the grounds that there was no appeal from a final decision of the ATB, and no authority establishing a right of appeal from an interlocutory order of the ATB. *See* Judgment in *Egypt House v. Bd. of Assessors of Town of Marblehead*, SJ-2025-0035, February 20, 2025, attached hereto as Exhibit 1.

Having failed to obtain injunctive relief from the Supreme Judicial Court, Plaintiff now turns to this Court to essentially overturn the January 7, 2025 Order of the ATB. Specifically, Plaintiff's Motion asks this Court to enjoin the Board of Assessors from permitting Defendant John P. Kelley, Chairman of the Board of Assessors, and Attorney Provencher, as counsel for the Town, from conducting an inspection of Plaintiff's property pursuant to M.G. L. c. 58A, § 8A, in accordance with an Order of the ATB to conduct such inspection; photographing, recording, or handling the holy objects within the property; and to enjoin the ATB from empowering Defendant Mark J. DeFrancisco, Chairman of the ATB, to serve as the arbiter of any dispute that should occur during the inspection.

The Motion is devoid of factual allegations regarding alleged wrongful conduct,[3] or the alleged irreparable harm it seeks to avoid, and is not supported by affidavit.

## LEGAL STANDARD

"A request for a preliminary injunction is a request for extraordinary relief." *Cushing v. Packard*, 30 F.4th 27, 35 (1st Cir. 2022). Further, the district court's authority "to issue

---

[3] In support of the request to enjoin Attorney Provencher from being present at the inspection, Plaintiff's Motion baselessly accuses Attorney Provencher of untruthfulness and disrespectful and defamatory behavior against Plaintiff's faith, without factual allegations or description of the alleged conduct. Rather, Plaintiff's Motion attaches as an exhibit e-mail communications from Attorney Provencher, which are nothing but straightforward and polite. Exception is taken to the inflammatory accusations against Attorney Provencher, particularly insomuch as the Motion falsely conveys (to colleagues in the local legal community, and others who have read the Complaint and/or Motion) that he was untruthful and/or behaved improperly.

a preliminary injunction should be sparingly exercised." *Mass. Coal. of Citizens with Disabilities v. Civil Def. Agency & Office of Emergency Preparedness*, 649 F.2d 71, 76 n.7 (1st Cir. 1981).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008). The moving party's likelihood of success on the merits is "the touchstone of the preliminary injunction inquiry." *Philip Morris, Inc. v. Harshbarger*, 159 F.3d 670, 674 (1st Cir.1998). "[I]f the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *Maine Educ. Ass'n v. Cioppa*, 695 F.3d 145, 152 (1st Cir. 2012). The moving party bears the burden of proof for each of these four factors. *Nieves-Marquez v. Puerto Rico*, 353 F.3d 108, 120 (1st Cir. 2003).

## ARGUMENT

### I.    The Court Should Refrain From Hearing This Matter In Its Entirety Because Plaintiff Asks the Court To Interfere With An Ongoing State Proceeding Related To The Assessment And Collection Of State Taxes

The principle of comity generally precludes federal courts from hearing suits for damages under 42 U.S.C. § 1983 premised on allegations that the state tax collection process violated taxpayers' federal constitutional rights. *Flynn v. Hannaford*, 2022 U.S. Dist. LEXIS 56331, at *10 (D. Mass. 2022) (citing *Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100, 105-107 (1981).

The principle of comity is further reflected in the Tax Injunction Act of 1937 ("TIA"), 28 U.S.C. § 1341, which provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient

remedy may be had in the courts of such State." *See id.* at \*13. For purposes of the TIA, state taxation includes local taxation. *Peckham v. Bd. of Selectmen*, 2017 U.S. Dist. LEXIS 173450, at \*14 (D. Mass. 2017). "Congress intended the TIA to be 'first and foremost a vehicle to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes.'" *Wal-Mart Puerto Rico, Inc. v. Zaragoza-Gomez*, 834 F.3d 110, 118 (1st Cir. 2016) (quoting *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 522 (1981)). By its express terms, the TIA applies where a plaintiff seeks injunctive relief, but it also applies to actions for monetary relief. *See Peckham*, 2017 U.S. Dist. LEXIS 173450, at \*14 (citing *Fair Assessment in Real Estate Ass'n, Inc.*, 454 U.S. at 103 & 113). Thus, the TIA "'is a complete bar to maintaining [an] action in a federal forum' on a state tax claim." *Tran v. Summers*, 2023 U.S. Dist. LEXIS 173863, at \* 6 (D. Mass. 2023) (quoting *Cumberland Farms, Inc. v. Tax Assessor*, 116 F.3d 943, 945 (1st Cir. 1997)). The jurisdictional bar of the TIA is subject to a narrow exception, not applicable here, where state law does not provide a remedy that is "plain, adequate, and complete." *Id.*

Here, Plaintiff's Motion seeks injunctive relief that would effectively overturn the January 7, 2025 Order of the ATB, and thereby undermine and interfere with state taxation, and further undermine the recent judgment of the Supreme Judicial Court denying Plaintiff substantially the same injunctive relief on the grounds that granting such relief would be premature, as there was no appeal from a final decision of the ATB, and Plaintiff asserted no authority establishing a right of appeal to the Supreme Judicial Court from an interlocutory order of the ATB. *See* Exhibit 1. Further, Plaintiff's Motion fails to allege that its state remedy is inadequate. In fact, to the extent that Plaintiff is dissatisfied with the decision of the ATB, it may appeal to the Massachusetts Appeals Court pursuant to M.G. L. c. 58A, § 13. Accordingly, the Court should refrain from hearing this action consonant with the principle of comity or, in the alternative, bar Plaintiff from

proceeding on this state tax claim in federal court pursuant to the TIA. *See Peckham*, 2017 U.S. Dist. LEXIS 173450, at *15-16 ("To the extent that the procedures Plaintiffs wish to halt are for the purpose of collecting municipal taxes, the TIA would also prevent the court from exercising jurisdiction over such a matter.").

## II.    The Motion Is Facially Deficient For Lack Of Factual Content, Description Of Alleged Irreparable Harm, And Affidavit Or Verification

To the extent that the Court considers the Motion, the Motion should be denied as facially deficient.[4] The Motion is devoid of basic factual content to support a request for a preliminary injunction, instead relying on broad, unsupported, conclusory allegations that the inspection of the property will necessarily cause harm. Plaintiff fails to describe the alleged harm, how the inspection or Defendant Provencher's attendance at the inspection would cause harm, or how the harm is allegedly irreparable. Plaintiff fails to submit an affidavit in support of the Motion and, although the Complaint is entitled "Verified Complaint," is in fact not verified as it contains no verification and is only signed by counsel. Accordingly, the uncorroborated, vague allegations contained in the Motion are insufficient to sustain a motion for a preliminary injunction, and it should be denied on these additional grounds. *See Howitt v. Andeway*, 2025 U.S. Dist. LEXIS 27052, at *3-4 (D. Mass. Feb. 14, 2025) (denying emergency request for preliminary injunction where the motion consisted of unsworn, uncorroborated allegations, with no facts to establish that plaintiff would suffer irreparable harm in the absence of preliminary relief).

## III.    Plaintiff Cannot Meet Its Burden With Respect To Likelihood Of Success On The Merits Because The Town Counsel Defendants Cannot Be Sued For Constitutional Claims In Their Individual Capacities And Are Entitled To Absolute Immunity To The Extent They Are Sued As Town Counsel

---

[4] Town Counsel Defendants reserve the right to raise other arguments and defenses, particularly with respect to dismissal of Plaintiff's Complaint, and also to join the arguments made by Co-Defendants in opposition to the Motion.

Plaintiff's Motion should also be denied to the extent that it seeks to enjoin the Town Counsel Defendants for the additional reason that Plaintiff cannot establish any likelihood of success on the merits of the Complaint – all constitutional claims against the Town Counsel Defendants are subject to dismissal. To the extent that Town Counsel Defendants are sued in their individual capacities, they are not state actors, and to the extent that they are being sued as counsel for the Town, they are entitled to absolute immunity. *See Tomaselli v. Beaulieu*, 2010 U.S. Dist. LEXIS 146224 (D. Mass. April 1, 2010) (adopting Report and Recommendation of Magistrate, 2010 U.S. Dist. LEXIS 42611 (D. Mass. Mar. 10, 2010)); *Zarba v. Oak Bluffs*, 2020 U.S. Dist. LEXIS 143705, at *14 (D. Mass. 2020) ("[T]he Town Counsel enjoy absolute immunity from claims arising out of their representation of the Town.").

In *Tomaselli*, plaintiffs sued a law firm and two of its attorneys who served as town counsel, in their individual and official capacities, for, *inter alia*, violations of the First, Fifth, and Fourteenth Amendment, and violations of §1983, arising out of town counsel's representation of the town with respect to a proceeding in the Appellate Tax Board. *See Tomaselli*, 2010 U.S. Dist. LEXIS 42611, at *4-12. The *Tomaselli* court held that, to the extent that the town counsel could be found to be state actors, employed to prosecute or defend claims, actions or proceedings by or on behalf of a town or town agency, such conduct was closely related the judicial process, or the lawyer's role as an advocate, and they were entitled to absolute immunity, and all federal constitutional claims against the town counsel defendants should be dismissed. *Id.* at *20-21.

Here, as in *Tomaselli*, Plaintiff's claims against the Town Counsel Defendants arise from their alleged conduct in representing the Town in proceedings in the ATB. Therefore, to the extent that the Town Counsel Defendants can be found to be state actors, they are entitled to absolute immunity, and to the extent that they are not state actors, i.e. for conduct in their individual

capacities apart from representation of the Town, they cannot be subject to suit for constitutional violations. For this additional reason, Plaintiff's Motion should be denied.

**IV.    Plaintiff's Motion For Stay Of ATB Proceedings Should Be Denied**

Plaintiff's Motion to Stay, which asks this Court to stay the pending proceeding before the ATB, should denied for the same reasons as Plaintiff's Motion for Preliminary Injunction, i.e. that Plaintiff fails to assert any basis for a stay, any description of harm arising from the inspection ordered by the ATB, and is unable to establish any likelihood of success on the merits. Additionally, Plaintiff fails to cite to any authority by which this Court would be permitted to grant an injunction to stay the ATB proceedings.

## CONCLUSION

For all the foregoing reasons, Defendants Adam Costa, Esq., Lisa Mead, Esq., and Matthew Provencher Esq. respectfully request that this Court deny Plaintiff Egypt House's Motion for Preliminary Injunction. Defendants further respectfully request that, if a preliminary injunction is ordered, that a bond be issued in an appropriate amount. Finally, Defendants respectfully request such other relief, at law or in equity, to which they may justly be entitled.

Respectfully submitted,

DEFENDANTS ADAM J. COSTA, LISA L. MEAD, AND
MATTHEW D. PROVENCHER,

By their Attorneys,

 */s/Anne V. Kim*
George C. Rockas, BBO #544009
George.Rockas@wilsonelser.com
Anne V. Kim, BBO #679704
Anne.Kim@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker LLP
260 Franklin Street, 14th Floor
Boston, Massachusetts  02110
(617) 422-5300

Dated:  April 4, 2025

*Attorneys for Defendants Adam J. Costa, Lisa L.
Mead, and Matthew D. Provencher*

## CERTIFICATE OF SERVICE

I, Anne V. Kim, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that a true and correct paper copy of the foregoing will be sent those indicated as non-registered participants via first class mail, postage prepaid on April 4, 2025.

 */s/ Anne V. Kim*
Anne V. Kim

# EXHIBIT 1

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                          SUPREME JUDICIAL COURT
                                      FOR SUFFOLK COUNTY
                                      SJ-2025-0035

                                      Appellate Tax Board
                                      No. F-351238


**EGYPT HOUSE**

**v.**

**BOARD OF ASSESSORS OF THE TOWN OF MARBLEHEAD**


**<u>JUDGMENT</u>**

Before the court is an "Emergency Motion for Preliminary Injunction" filed by Egypt House, styled as "appellant."  The filing, on which Egypt House was represented by counsel and which is not accompanied by a complaint stating a claim for relief, relates to a matter currently pending before the Appellate Tax Board (ATB) between Egypt House and the Board of Assessors of the Town of Marblehead (Marblehead) concerning the denial of request for an abatement of local property taxes.  Egypt House seeks an injunction from this court restraining the ATB from allowing an inspection of Egypt House's property pursuant to G. L. c. 58A, § 8A.  Among other materials appended to the request is a January 7, 2025 order of the ATB granting Marblehead's motion to compel inspection of the premises, subject to various conditions ordered by the ATB.

The motion seeks to invoke Supreme Judicial Court Rule 2:20, which provides that "[i]nterlocutory matters arising in appeals from the decisions of the Appellate Tax Board and questions of final disposition thereof when further proceedings appear unnecessary may be presented to a single justice, who may after notice hear and determine the same both as to questions of law and of fact or reserve and report the case."  This rule is not applicable in the circumstances presented, because there has been no purported "appeal[] from" a final decision of the ATB.  Moreover, Egypt House has not identified any authority establishing a right of appeal from an interlocutory order of the ATB.[1]

Upon consideration of the motion filed by Egypt House and materials appended thereto, the opposition, and Egypt House's reply, the motion is **DENIED**.

By the Court, (Dewar, J.)

Allison S. Cartwright, Clerk

Dated: February 20, 2025

---

[1] Nor is relief available to appellant under G. L. c. 211, § 3, because the ATB is not a "court[] of inferior jurisdiction" but instead an agency of the executive branch.