UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EGYPT HOUSE,<br><br>                Plaintiff,<br><br>      v.<br><br>JOHN P. KELLEY, et al.,<br><br>                Defendants. | CIVIL ACTION NO. 25-CV-10597 |

## **DECLARATION OF CHAIRMAN MARK J. DEFRANCISCO**

1. I am the current Chairman of the Appellate Tax Board (ATB), a position I have held since June 30, 2022.

2. There is currently pending before the ATB an appeal by Egypt House regarding the denial of a real estate tax exemption under G.L. c. 59, § 5, Clauses Tenth and Eleventh by the Board of Assessors of the Town of Marblehead (Docket No. F-351238). The claimed exemptions would prohibit the assessors from taxing personal property used or appropriated for religious, benevolent, or charitable purposes (Clause Tenth) and real estate and related property constituting a house of worship or a residence for certain members of a religious organization (Clause Eleventh). The petition initiating that appeal was filed on June 3, 2024.

3. On November 20, 2024, the Assessors filed a motion to compel Egypt House to allow an inspection of the property at issue in the appeal in accordance with G.L. c. 58A, § 8A. According to the motion, Egypt House was only willing to accommodate an inspection on certain conditions. For example, the motion indicated that Egypt House would only allow the inspection

if Egypt House could prohibit admission of persons who are not certified assessors for the Town of Marblehead. The motion also asserted that Egypt House had stated it would not allow photographs to be taken (though Egypt House purportedly told the Assessors that Egypt House itself would record the inspection by video).

4. On December 11, 2024, Egypt House filed an opposition to the Assessors' motion. The opposition asked the ATB to deny the inspection altogether, or in the alternative, asked that ATB impose various conditions, including that photographs be prohibited, that Egypt House be allowed to rebuff any person who is not a certified assessor of the Town of Marblehead (and to rebuff any certified assessor who had "participated in spreading false and defamatory information about Egypt House"), and that the inspection be recorded by video.

5. After holding a hearing about the motion, I granted it on January 7, 2025. I granted it because the type of inspection the Assessors requested, including the ability of the assessors to photograph the property at issue in an ATB appeal, is both routine and required by G.L. c. 58A, § 8A. See G.L. c. 58A, § 8A. And the conditions Egypt House requested were not consistent with the statute. For example, Egypt House wanted the right to refuse entry to the Assessors' attorneys, but the statute provides that "the appellant shall permit the appellee personally or by attorneys" to conduct the inspection. Also, the statute provides that the appellee will be allowed to "examine and inspect" the property, which impliedly entails some sort of documentation, such as taking pictures. Additionally, Egypt House failed to provide any clear explanation for why its conditions were necessary. For instance, Egypt House never clearly explained why the inspection, without those conditions, would offend any of Egypt House's religious practices or beliefs.

6. Because of the contentious nature of this dispute, I also provided in my order that I would attend the inspection, in order to help resolve any disputes that may arise, including over

photographs the Assessors wished to take. I also included this condition to help assuage Egypt House's concerns about the alleged intrusiveness of the Assessors.

7. This type of inspection is an important and standard part of proceedings before the ATB. Disputes over tax abatements frequently depend on details about how property is being used, particularly in appeals concerning tax exemptions, where the use and occupancy of the property at issue is a critical factor in determining the property's qualification for the exemption. For the ATB to be able to accurately and fairly resolve these disputes, it is important that the appellee be given an opportunity to inspect the property and document evidence about the property's use.

8. Egypt House subsequently filed a motion for reconsideration, but that motion also failed to identify any valid reason the inspection should not occur, including any meritorious First Amendment objection. Accordingly, I denied the motion for reconsideration.

9. Egypt House's briefing and complaint in this matter includes various suggestions that I granted the Assessors' motion to compel "[i]n a desire to intimidate, bully, and control Egypt House." Compl. ¶ 32. That is not accurate. I granted the Assessors' motion based on the merits of the arguments that were presented to the ATB, and I have no animus or bias toward Egypt House, based on its religious practices and beliefs, or otherwise. I believe that I have conducted myself impartially in adjudicating any disputes in proceedings involving Egypt House and the Assessors.

10. I have routinely granted motions for inspection under G.L. c. 58A, § 8A regardless of the identity of the parties involved. My granting of the assessors' motion in this proceeding had nothing to do with Egypt House's religious beliefs or any other issue concerning the identity of the parties involved.

11. After Egypt House filed this federal lawsuit, and after this Court set dates for briefing and a hearing on Egypt House's motion for a preliminary injunction, I temporarily stayed the inspection, which was scheduled for April 1, 2025, pending this Court's determination of Egypt House's motion.

*/s/ Mark J DeFrancisco*
Mark J. DeFrancisco
Chairman, Appellate Tax Board
