# EXHIBIT 1

THE COMMONWEALTH OF MASSACHUSETTS
APPELLATE TAX BOARD

# PETITION UNDER FORMAL PROCEDURE
APPEAL FROM ASSESSORS' DENIAL OF ABATEMENT APPLICATION

Docket No. F-__351238__

Appellant (Print full name of each appellant): __Egypt House__

vs.

BOARD OF ASSESSORS OF THE CITY(TOWN) OF __Marblehead__
Appellee

$100 JB

1. This is an appeal from the refusal of the appellee to abate a tax assessed (or grant an exemption under chapter __59__, Section __5__, Clause __10 and 11__) for the fiscal year __2024__ on property owned or occupied by __Egypt House__ on January 1, __2023__.

2. The address or location of the property is __12 Conant Road, Marblehead, Massachusetts 01945__.

3. Property type: ☐ *single-family residence;* ☐ *condominium;* ☐ *multi-family;* ☐ *apartment building;* ☐ *hotel;* ☐ *office building;* ☐ *retail building;* ☐ *industrial building;* ☐ *other real estate (describe)* __House of Worship/Parsonage__ ☐ *personal property (describe):* ____

4. The appellee valued the property at $ __840,600.00__ and assessed a tax thereon at the rate of $ __8.95__ per $1000 in the total amount of $ __7,531.78__.

5. Dates on which taxes were paid: __10.23.23__; Amount of interest, if any: __$0.00__

6. Date the appellant applied for an abatement in writing to the appellee: __01.04.24__

7. Date the appellee denied the abatement: __04.18.24__; if a partial abatement was granted, date and amount of assessment after the partial abatement: (date):____; amount____(attach copy of abatement certificate)

8. The appellant is aggrieved by the decision of the appellee and contends that the property was overvalued and/or the following claim(s): ____

9. The appellant requests that a hearing be held upon this petition and that the Board grant an abatement.

10. Mailing address of appellant: __Post Office Box Two, Marblehead, Massachusetts 01945__

11. Service of papers in connection with this appeal may be made on appellant or his/her attorney at:

(Print Name) __Tracey M.A. Stockton__    (Print Address) __Post Office Box Two, Marblehead, Massachusetts 01945__

(Attorney's BBO Number) __568495__    (Tel. No.)(__617__) __800-3979__

Signature __Tracey M.A. Stockton, Esq.__

APPELLATE TAX BOARD RECEIVED 2024 JUN -3 P 4:01

**APPELLANT MUST FILE AN ORIGINAL AND TWO COPIES OF THIS FORM**

**Egypt House v. Town of Marblehead**

Addendum to Petition Under Formal Procedure
Appeal from Assessors' Denial of Abatement Application

In support of its Petition Under Formal Procedure, Appellant states as follows:

1.      Appellate Tax Board Rules of Practice and Procedure sets forth the requirements for a Petition Under Formal Procedure; specifically, Section 1.03 states at sub-Sections (2) through (4):

. . .

(2)     A clear and concise statement of the nature of the tax or other matter in controversy and of the facts on which the appellant relies, giving all dates on which required filings were made and the date of notice of the decision or determination from which the appeal is taken. If the appeal is from the refusal to abate a tax, describe the property or commodity taxed and state the valuation made by the taxing authority, the rate and amount of the tax, the year for which it was assessed, the date of any tax bill for local property, the amount and date of any payment made, and the date and manner of application for abatement to the taxing authority.

(3)     A clear and concise statement of the appellant's objections to the decision or determination appealed from, and of the contentions of law, if any, which the appellant desires to raise.

(4)     A prayer setting forth the relief sought.

831 CMR 1.03.

2.      Appellant sought an abatement from the assessment of real estate taxes from the Marblehead Assessor by hand delivery of State Form 128 to the Officer of the Assessor on September 25, 2023. Because the filing date was not yet ripe, the Assessor held the form and submitted it on January 4, 2024 for consideration by the Board of Assessors.

3.      On April 18, 2022, the Town of Marblehead Assessor issued its denial of Appellant's request for exemption.

4.      The subject property is used as a house of worship, parsonage, lodging for pilgrims, and reading room for the Orthodox Christian church. This is not the first time Appellant's request for abatement has come before this forum; extensive discovery and motion practice occurred in connection with Docket No.: F-F347637 — an appeal from the 2023 deemed denial of the Marblehead Board of Assessors.

5.      The property is indisputably used for "religious worship;" as a place for bible study and prayer groups, for the celebration of religious feast days and Agape meals, and for evangelization. The residence is also used for clergy housing and pilgrim lodging.

6.      The subject "denial" is part of a pattern of Town of Marblehead officials who are averse to the religious expression of Orthodox Christians in the Town of Marblehead. Town of Marblehead

officials have consistently frustrated the construction of our main house of worship, the Shrine of St. Nicholas, at 120-124 Pleasant Street. We request the Appellate Tax Board take administrative notice of the following instances where the Town of Marblehead has been overturned by the following State bodies:

    Massachusetts Building Code Appeals Board, *see,* Docket No.: 19-0119, Appellant: John B. Daukas, Owner: Shrine of St. Nicholas the Wonderworker, v. Town of Marblehead.

    Massachusetts Board of State Examiners of Plumbers and Gas Fitters, *see,* Docket No.: PV-74, Appellant: Shrine of St. Nicholas the Wonderworker, v. Town of Marblehead.

    Massachusetts Board of State Examiners of Plumbers and Gas Fitters, *see,* PV-369, Shrine of St. Nicholas the Wonderworker.

    Massachusetts Board of Electrician's Appeals Examiners, *see,* BEA-21-000003-AP, Shrine of St. Nicholas, Appellant, v. Ronald Marks, Marblehead Inspector.

    Massachusetts Department of Public Utilities, *see,* D.P.U. 27-117, Shrine of St. Nicholas the Wonderworker, v. Marblehead Municipal Light Department (Dismissal without Prejudice).

    We also note the Marblehead Police Chief, after requesting donations from the Marblehead Ministerial Association, refused an offering from St. Nicholas but accepted one from the Marblehead Rotary.

    7.    In accordance with the requirements set forth at 831 CMR 1.24 through 1.27, Appellant anticipates conducting discovery, to include propounding interrogatories and, upon leave of the Board, conducting depositions.