# EXHIBIT 2

COMMONWEALTH OF MASSACHUSETTS
APPELLATE TAX BOARD

Docket No. F-351238

_____

EGYPT HOUSE

Appellant,

v.

BOARD OF ASSESSORS OF THE TOWN OF MARBLEHEAD,

Appellee.

_____

### APPELLEE BOARD OF ASSESSORS
### OF THE TOWN OF MARBLEHEAD'S MOTION TO COMPEL INSPECTION

NOW COMES the Appellee Board of Assessors of the Town of Marblehead (the Board) and moves to compel an inspection of the Appellant Egypt House's property at issue in this appeal. By way of background, this matter involves an appeal from an assessment of real taxes on the Shrine's property located at 12 Conant Road in the Town of Marblehead. The Board requested dates for an inspection of the property on October 21, 2024. Egypt House initially objected to an inspection entirely, and asserted that there was no basis in law for requesting an inspection. Following an exchange of correspondence, the Shrine provided dates for an inspection on November 18, 2024, but continues to object to the inspection and insisted upon the following conditions in correspondence to the Board:

1. Prior to confirming any site visit, we require the name of each person who will be participating.

2. We reserve the right to prohibit the admission of any person who is not a certified assessor in and for the Town of Marblehead.

    3.      No photographs are allowed.

    4.      The tours will be video-taped.

    5.      Each visitor will be required to remove his or her shoes or wear shoe covers upon entering Egypt House.

The Board does not take issue with providing in advance the identities of any individuals who attend, nor to the Shrine videotaping or recording any portion of the inspection, nor to the request that any individuals attending remove shoes or wear covers upon entry to either property, and conditions 1, 4, and 5 are not at issue.

The Board objects to a limitation on individuals who may attend any inspection, and to a prohibition on photography or other documentation of the inspection. "The authority of a board of assessors to require an applicant for an abatement to 'exhibit' the property for which abatement is sought is grounded in statute." *Roketenetz v. Board of Assessors of Lynnfield*, 72 Mass. App. Ct. 907, 907 (2008). G.L. c. 58A, § 8A provides: "[T]he appellant shall permit the appellee *personally or by attorneys, experts or other agents*, to enter upon such real estate… and examine and inspect such real estate…" (emphasis added). A taxpayer's refusal of entry upon and inspection of his or her taxed premises is grounds for dismissal of any challenge to the assessors' valuation thereof. *See, e.g.*, *Gilbertson v. Board of Assessors of Harwich*, 74 Mass. App. Ct. 1107 (2009) (Rule 1:28 disposition) (affirming Appellate Tax Board's dismissal of taxpayer's appeal where she failed to allow inspection of her home). "Assessors have a statutory right to inspect property that is the subject of an abatement application… or an appeal to the [Appellate Tax] Board." *Giurleo v. Board of Assessors of Raynham*, ATB Findings of Fact and Report, Docket No. F279379 (June 27, 2006).

This appeal involves a claim to an exemption under G.L. c. 59, § 5. It is well established that a claim to an exemption depends upon the particular use of the property for which it is

claimed. *Cf. Shrine of Our Lady of La Salette Inc. v. Board of Assessors of Attleboro*, 476 Mass. 690, 696-99 (2017). The Board has an explicit statutory right to inspect the property with any such individuals, agents, attorneys, or experts that it desires. G.L. c. 58A, § 8A. The identities of these individuals will be provided in advance as requested. Similarly, in this appeal under Formal Procedure, it will be necessary to document the conditions found by the inspection and it is unreasonable to limit the Board's inspection to the memory of the attendees, especially where the Appellant declares that it intends to record the inspection itself by videographic means. The Board should have an equal right to document the conditions that exist on the property.

The Board therefore asks for an order compelling the Shrine to permit an inspection of the property without restriction on attendees or photography or recording of any kind.

Respectfully submitted,
Appellee, Board of Assessors of the Town of Marblehead
by and through its attorneys,

Date:   November 20, 2024              /s/ Matthew D. Provencher
                                                                 Adam J. Costa (BBO #667840)
                                                                 Matthew D. Provencher (BBO No. 694114)
                                                                 Mead, Talerman & Costa, LLC
                                                                 227 Union Street, Suite 610
                                                                 New Bedford, MA 02740
                                                                 774-206-6857
                                                                 matt@mtclawyers.com
                                                                 adam@mtclawyers.com

**CERTIFICATE**

I hereby certify that in an attempt to resolve the issues presented by this motion I conferred with counsel for the Appellant via electronic mail on October 21 and 24, in person on November 12, 2024, and by electronic mail on November 18, 2024, and was unable to resolve the issues presented herein.

/s/ Matthew D. Provencher

**CERTIFICATE OF SERVICE**

I, Matthew D. Provencher, counsel for the Appellee, hereby certify that I have served a copy of the foregoing by electronic mail on:

For the Appellant:

Tracey M.A. Stockton
Post Office Box Two
Marblehead, Massachusetts 01945
ts@stpaulsfoundation.org


Date:   November 20, 2024          /s/ Matthew D. Provencher

4