# EXHIBIT 3

THE COMMONWEALTH OF MASSACHUSETTS
APPELLATE TAX BOARD

| | | |
|---|---|---|
| EGYPT HOUSE, | ) | DOCKET NO.: F-351238 |
|     Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BOARD OF ASSESSORS OF THE TOWN | ) | |
| OF MARBLEHEAD, | ) | |
|     Appellee. | ) | |

**APPELLANT'S RESPONSE TO APPELLEE'S MOTION TO COMPEL**

    This is Appellant Egypt House's ("Egypt House") Response to Appellee Town of Marblehead's ("Marblehead") Motion to Compel ("Response"). This Response relates to Marblehead's right to inspect following the filing of an appeal to a request for abatement, as conferred under G.L. c. 58A, § 8A. Egypt House does not object to such inspection, subject to the conditions stated in this Response. Marblehead correctly states the provisions of G.L. c. 58A, § 8A. Marblehead is also correct in stating Egypt House's response following Mr. Provencher's dishonest representation of an exchange between Fr. Andrew, Superior of Egypt House, and Richard Scanlon, consulting assessor to the Town of Marblehead, wherein Mr. Provencher mischaracterized Fr. Andrew's invitation to Mr. Scanlon to inspect the properties, as well as participate in the Divine Liturgy (*i.e.,* Mass, as used in the Latin Rite) to the extent Mr. Scanlon was a Catholic in good standing at the time of attendance. *See,* Exhibit A, attached hereto. It is also correct Egypt House affirmed Marblehead's right to inspect following a review of G.L. c. 58A, § 8A, subject to the conditions stated in Marblehead's Motion to Compel. *See,* Exhibit B, attached hereto.

## STATUTORY RIGHT TO INSPECT NOT ABSOLUTE

At subsection (b), ALM R. Civ. P. Rule 26 states: "[u]nless otherwise limited by order of the court . . .;" thereby highlighting the interplay between the statutory requirements of G.L. c. 58A, § 8A and the discretion of the Court to condition such requirements "within the sound discretion of the motion or trial judge" (*Hanover Ins. Co. v. Sutton,* 46 Mass. App. Ct. 153, 159, 705 N.E.2d 279 (1999)). The Court in *Stanley Realty Holdings v. Watertown Zoning Bd. of Appeals*, 18 Mass. L. Rep. 468 (Mass. Super. Ct. 2004) further elucidates the premise: "[w]here good cause is shown, the Court 'may make any order justice requires to protect a party . . . from undue burden or expense.'" In *Trustees, Woodburyville Heights Condominium Trust,* the Court stated: "the court . . . may make any order which justice requires to protect a party from *annoyance, embarrassment, oppression,* or undue burden or expense, including on or more of the following (1) *that the discovery not be had;* (2) that the discovery may be had only on *specified terms and conditions,* . . . [emphasis added]." Relative to the issue of good cause shown, the *Woodburyville* Court stated: "[f]or good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted."[1] The *Woodburyville* Court goes on to state: "in some instances, if a court were to find that a particularized harm would result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary."

## IT IS PREFERABLE THE DISCOVERY NOT BE HAD

In keeping with the statements of the *Woodburyville* Court, Egypt House is of the belief the inspection of 12 Conant Road in Marblehead is being performed to annoy, harass, oppress, and intimidate Egypt House. Egypt House has provided materials documenting the ownership

---

[1] *Trustees, Woodburyville Heights Condominium Trust v. Magill,* 20 Mass. L. Rep. 721 (2006).

and use of the property as a religious organization. The Board will recall this matter came before the Board relative to a fiscal year 2023 request for abatement (the prior matter, "Case No.: F-347637"). As of Monday, December 9, 2024, the Assistant Assessor to the Town of Marblehead, Todd Laramie, had not reviewed any of this documentation. When presented with evidence of occupancy of currently exempted religious properties by non-exempt or businesses exempt from taxation under different exemption criteria for which no exemption allocations have been made, Mr. Laramie informed Fr. Andrew the Board of Assessors declined to (a) apportion these exemptions, because the Board doesn't want to take money from existing religious organizations, and (b) inspected any properties exempted under G.L. ch. 59, §§ 10 and 11, *except for* Egypt House and its affiliated organizations. Egypt House' objective evidence supporting the use of the property as a religious organization is so well-documented, it filed its Motion for Summary Judgment, in hopes the time and expense required to pursue the matter could be minimized; yet the Board denied the Motion stating there is obviously an issue of fact. To our knowledge, the Town of Marblehead has never stated there is an issue of fact relative to the use of 12 Conant Road. Now retired Assistant Assessor, Michael Tumulty, who advised the Town of Marblehead Assessors at the time application for the subject abatement was requested, was actively engaged in publicly defaming Fr. Andrew, the Superior of Egypt House, and his ministry (*see,* Exhibit C). Attorney Provencher has evidenced a lack of candor to this tribunal. Most recently, in connection with this proceeding, Attorney Provencher deceived the Chairman in stating Egypt House had prevented Appellee's due diligence and refrained from providing discovery relative to the subject property (*see,* Transcript of Hearing attached hereto as Exhibit D); however, Egypt House delivered all discovery responses, in excess of 100 pages, responding to every matter requested by the Town of Marblehead, except those requests that were illegal, such as Attorney

Provencher's request at Interrogatory No.: 16 to his Motion to Compel (*see,* Exhibit E) seeking an Order from the Board that Egypt House identify those persons partaking of the sacrament of confession or benefitting from spiritual direction (*see, Americans for Prosperity Foundation v. Bonta,* 141 S. Ct. 2373, 2021).

**REGULATION OF FIRST AMENDMENT RIGHTS MUST BE NARROWLY TAILORED**

To distinguish the subject inspection from other inspections to be performed under G.L. c. 58A, § 8A, Egypt House is a Church. It is a well-established principle that actions by the state that affect First Amendment rights[2] must be narrowly tailored. As the Court stated in *Fed. Election Com. v. Mass. Citizens for Life, Inc.,* 479 U.S. 238, 107 S. Ct. 616, 93 L. Ed. 2d 539 (1986), [w]hen statutory provision burdens First Amendment rights, it must be justified by compelling state interest. In the relatively recent holding of the Massachusetts Supreme Judicial Court in *Massachusetts Commission for the Homeless v. Fall River, citing, Sable Communications of Cal., Inc. v. Federal Communications Comm'n,* 492 U.S. 115, 126, 109 S. Ct. 2829, 106 L. Ed. 2d 93 (1989): "[i]n the context of strict scrutiny, a regulation is not narrowly tailored unless 'it chooses the least restrictive means to further the articulated interest.'" Here, Marblehead requests an inspection that is specifically not narrowly tailored, as Marblehead desires any person included within the broad language of G.L. c. 58A, § 8A, ". . . shall permit the appellee personally or by attorneys, experts or other agents, to enter upon such real estate or upon any premises where such personal property is situated and examine and inspect such real estate or personal property, including any property which the appellant claims is exempt from taxation." Given the well-documented behavior of Marblehead, it is the belief of St. Nicholas

---

[2] Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances. USCS Const. Amend. 1

inspections are not the least restrictive means to confirm the religious use of Egypt House, as a physical inspection necessarily fails to take into account the legacy use of the property in accordance with religious practice as well-documented in discovery responses submitted pursuant to Case No.: F-347637 and the Motion for Summary Judgment submitted by Egypt House in this matter.

## FACTORS TO BE CONSIDERED BY THE COURT WHEN CONSTRUING GOOD CAUSE SHOWN

The *Woodburyville* Court, *citing* applied *Pansy v. Borough of Stroudsburg,* 23 F.3d 772 (3d Cir. 1994), identifies the following factors to be considered when a court construes good cause shown:

> 1) whether disclosure will violate any privacy interests;
> 2) whether the information is being sought for a legitimate purpose or for an improper purpose;
> 3) whether disclosure of the information will cause a party embarrassment;
> 4) whether confidentiality is being sought over information important to public health and safety;
> 5) whether the sharing of information among litigants will promote fairness and efficiency;
> 6) whether a party benefitting from the order of confidentiality is a public entity or official; and
> 7) whether the case involves issues important to the public.

Taken in the order posited by the *Pansy* Court, if the inspection to be performed by the Town of Marblehead is allowed to go forward, (a) any dissemination of information will violate the privacy interests of Egypt House, the Orthodox Catholic community, and Fr. Andrew, the Guardian of the Shrine (the actions of the Town of Marblehead were pivotal in the arrest of Fr. Andrew, *see,* Exhibit F); (b) while the information being sought may be facially legitimate, the purpose is improper — as Marblehead has a wealth of material regarding use and occupancy of Egypt House and has never requested an inspection of the premises except in this instance,

despite the same opportunity in connection with Case No.: F-347637; (c) while the use of the property will certainly not embarrass Egypt House because the it is used for a good and holy purpose, the Town of Marblehead is actively seeking to impede Egypt House from recognition as property used for religious purposes, using its tactics of "delay, deny, and defend" or, in the immortal words of a now retired Town of Marblehead Selectman, "we will bury you;" (d) while in this instance, confidentiality is not being sought to impede the disclosure of information important to health and safety, here, Egypt House requests confidentiality to protect the health and safety of its organizations and its principals (*see,* Exhibit G, documenting the physical assault to Fr. Andrew incited by the false narrative publicly expressed by the Town of Marblehead by and through its employees, elected officials, volunteers, and advisors; (e) neither fairness nor efficiency will be derived from the subject inspection, as the Town of Marblehead has a wealth of information relative to this small good project that has been subjected to the misinformation of the Town of Marblehead, by and through its employees, appointees, elected officials, and legal counsel — the Chair of the Board of Assessors merely refuses to perform his assessing responsibilities in good faith. Relative to items numbers 6) and 7) cited by the *Pansy* Court, clearly, the request for confidentiality will not benefit the Town of Marblehead, and, while the actions and omissions of the Town of Marblehead, inclusive of the Board of Assessors and its assessing personnel, should be important to the public, the Town of Marblehead, by and through its departments, agencies, employees, elected officials, volunteers, advisors and legal counsel have so thoroughly cast aspersions upon Egypt House, its ministry, and its principals, until a light is finally shown on the complicity of the Town of Marblehead, it is unlikely keeping the subject inspections confidential is important to the public.

## CONCLUSION

This Response is the plea of Egypt House for justice in the face of a municipality that operates outside of the principles of accountability, transparency, and lack of bias. Certainly the actions of the Town of Marblehead observed by the Board in connection with the repeated tax appeals of Egypt House and her Shrine of St. Nicholas point to the methodologies employed by the Town of Marblehead in shielding the public trust from the truth about its operations. It is our belief that allowing those who have defamed Egypt House, its ministry, or its principals to enter into the property is in itself a desecration, a further attack upon the good and holy work performed and to be performed therein. Egypt House respectfully requests the Board refrain from compelling Egypt House to allow the ch. 58A, Section 8A inspection to go forward, acknowledging the inspections are a further ruse by the Town of Marblehead to shame, disrespect, and discredit the Orthodox Catholic faith that is the foundation for the use of Egypt House and attack the integrity, strong moral character, and reputations of its principals. In the alternative, Egypt House respectfully requests any inspection be conditioned upon:

1. Prior to confirming any site visit, the name of each person who will be participating will be identified;

2. Egypt House reserves the right to prohibit the admission of any person who is not a certified assessor in and for the Town of Marblehead, to the extent no such person has participated in spreading false and defamatory information about Egypt House, its affiliated organizations, and the principals of any of them;

3. Photographs will be prohibited;

4. Inspections will be video taped; and

5. Each visitor will be required to remove his or her shoes or wear shoe covers upon entering Egypt House.

Respectfully submitted,

/s/<u>Tracey M.A. Stockton</u>
Tracey M.A. Stockton
Counsel for Egypt House

Massachusetts Bar No.: 568495
Date: December 11, 2024

## CERTIFICATE OF SERVICE

    I certify a copy of the above Appellant's Response Appellee's Motion to Compel was delivered electronically on December 11, 2024, to the following parties:

Adam J. Costa, Esq.
Mead, Talerman & Costa, LLC

Mathhew D. Provencher, Esq.
Mead, Talerman & Costa, LLC

                                                /s/Tracey M.A. Stockton
                                                Tracey M.A. Stockton