# EXHIBIT 8

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| SUFFOLK, ss. | SUPREME JUDICIAL COURT<br>FOR SUFFOLK COUNTY<br>SJ-2025-0035<br><br>Appellate Tax Board<br>No. F-351238 |

**EGYPT HOUSE**

v.

**BOARD OF ASSESSORS OF THE TOWN OF MARBLEHEAD**

<u>JUDGMENT</u>

Before the court is an "Emergency Motion for Preliminary Injunction" filed by Egypt House, styled as "appellant."  The filing, on which Egypt House was represented by counsel and which is not accompanied by a complaint stating a claim for relief, relates to a matter currently pending before the Appellate Tax Board (ATB) between Egypt House and the Board of Assessors of the Town of Marblehead (Marblehead) concerning the denial of request for an abatement of local property taxes.  Egypt House seeks an injunction from this court restraining the ATB from allowing an inspection of Egypt House's property pursuant to G. L. c. 58A, § 8A.  Among other materials appended to the request is a January 7, 2025 order of the ATB granting Marblehead's motion to compel inspection of the premises, subject to various conditions ordered by the ATB.

The motion seeks to invoke Supreme Judicial Court Rule 2:20, which provides that "[i]nterlocutory matters arising in appeals from the decisions of the Appellate Tax Board and questions of final disposition thereof when further proceedings appear unnecessary may be presented to a single justice, who may after notice hear and determine the same both as to questions of law and of fact or reserve and report the case."  This rule is not applicable in the circumstances presented, because there has been no purported "appeal[] from" a final decision of the ATB.  Moreover, Egypt House has not identified any authority establishing a right of appeal from an interlocutory order of the ATB.[1]

Upon consideration of the motion filed by Egypt House and materials appended thereto, the opposition, and Egypt House's reply, the motion is **DENIED**.

By the Court, (Dewar, J.)

_____
Allison S. Cartwright, Clerk

Dated: February 20, 2025

---

[1] Nor is relief available to appellant under G. L. c. 211, § 3, because the ATB is not a "court[] of inferior jurisdiction" but instead an agency of the executive branch.