UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 25-10597

| | |
|---|---|
| EGYPT HOUSE, | ) |
|                Plaintiff, | ) |
| | ) |
| VS: | ) |
| | ) |
| JOHN P. KELLY, as an Individual and in his capacity as Chairman of the Board of Assessors, WILLIAM J. WILLIS as an Individual and in his capacity as Member of the Board of Assessors, JONATHAN LEDERMAN, as an Individual and in his capacity as Member of the Board of Assessors, TODD LARAMIE, as an Individual and in his capacity as Assistant Assessor, KAREN D. BERTOLINO, as an Individual and former Assistant Assessor, MICHAEL TUMULTY, as an Individual, in his capacity as Assistant Assessor (ret.), and Consultant to the Town of Marblehead, DOUGLAS E. PERCY, as an Individual and in his Capacity as Member of the Board of Assessors, BOARD OF ASSESSORS, TOWN OF MARBLEHEAD, the TOWN OF MARBLEHEAD, a Massachusetts Township, THATCHER W. KEZER, III, as an Individual and in his capacity as Town Administrator, LISA MEAD, as an Individual and in her capacity as Town Counsel, ADAM J. COSTA of Mead, Talerman, & Costa, LLC, as an Individual and in his capacity as counsel to the Town of Marblehead, MATTHEW D. PROVENCHER of Mead, Talerman & Costa, LLC, as an Individual and in his capacity as counsel to the Town of Marblehead, and MARK J. DEFRANCISCO, as an Individual as to claims arising under G.L. c. 12, §11I and in his capacity as Chairman of the Appellate Tax Board (Equitable Relief Only as to Claims arising under 42 U.S.C.S. § 1983 and 42 U.S.C.S. § 1985 | ) |
| | ) |
|                Defendants | ) |

1

## TOWN DEFENDANTS' OPPOSITION TO THE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

The Defendants John Kelley, William Willis, Jonathan Lederman, Todd Laramie, Karen Bertolino, Michael Tumulty, Douglas Percey, the Board of Assessors Town of Marblehead, the Town of Marblehead, and Thatcher Kezer, III ("Town Defendants") request that the Court deny the Plaintiff's Motion for Preliminary Injunction because this Court is not the proper avenue for relief and the Plaintiff has not established the requisite factors entitling it to a preliminary injunction.

### I.     Background

The Plaintiff seeks a preliminary injunction to enjoin the Defendants from conducting an inspection of its property (Egypt House) to determine whether the Plaintiff is entitled to a tax abatement under G.L. c. 59, §5, Tenth and Eleventh. The Board of Assessors of the Town of Marblehead are entitled to examine and inspect the Plaintiff's property pursuant to G.L. c. 58A, §8A. Refusal to permit such inspection of Egypt House is grounds for dismissal of the tax abatement request. *Id.* The tax abatement appeal and statutorily mandated inspection are the subject of Appellate Tax Board (ATB) Docket No. F351238.

On January 7, 2025, the ATB allowed the Defendant Assessor's "Motion to Compel Inspection" of Egypt House. Exhibit 1, January 7, 2025 Order. On January 21, 2025, the ATB denied the Plaintiff's "Motion to Reconsider" and again ordered the inspection of Egypt House. Exhibit 2, January 21, 2025 Order. The Plaintiff then turned to the Supreme Judicial Court for Suffolk County (SJ-2025-0035) where its "Emergency Motion for Preliminary Injunction" to halt the inspection of Egypt House was denied. Exhibit 3, SJC Judgment. On March 28, 2025, the ATB granted the Plaintiff's "Motion to Stay" the scheduled April 1, 2025 inspection of Egypt House. Exhibit 4, March 28, 2025 Order.

The Plaintiff now requests a preliminary injunction from this Court to bar: a) the performance of the inspection by Defendant John Kelley and Defendant Matthew Provencher, b) any photographs or recording of any holy objects, c) handling of the holy objects, and d) Defendant Mark DeFrancisco from acting as arbiter of any disputes arising during inspection. Because this action should be heard in state court and because the Plaintiff has failed to meet the requirements for a preliminary injunction, the Town Defendants request this Court deny the Plaintiff's Motion.

## II.     Argument

### A. This Court should abstain from hearing this case because statute and important state interests mandate hearing in state court

The *Younger v. Harris*, 401 U.S. 37 (1971) abstention doctrine stands for the premise that federal courts must abstain from intruding on state proceedings involving criminal prosecutions and "when certain civil proceedings are pending, if the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987).

Here, the Plaintiff's lawsuit and the present motion involve property taxes and an inspection of Egypt House ordered by the ATB. The state court offers adequate remedies for the Plaintiff's claims and constitutes the appropriate venue in which the Plaintiff should seek relief. There are no extraordinary circumstances warranting federal interference in this case. *Trainor v. Hernandez*, 431 U.S. 434, 446 (1977).

*Younger* abstention mandates that the Plaintiff's claims be heard in state court, as they implicate an important and uniquely state interest: state property taxes. Therefore, the Plaintiff's preliminary injunction and lawsuit at large is not properly before this Court. The proper avenue

for an appeal from a decision of the ATB is in the superior court for the county (a) where the plaintiffs or any of them reside or have their principal place of business within the commonwealth, or (b) where the agency has its principal office, or (c) of Suffolk. G.L. c. 30A, §14. As such, the Court should deny the Motion for Preliminary Injunction and dismiss this matter in its entirety.

### B. If this Court decides it has jurisdiction, the Plaintiff Does Not Meet the Necessary Requirements for a Preliminary Injunction

A preliminary injunction will only be granted if the Court finds:

"(1) that plaintiff will suffer irreparable injury if the injunction is not granted; (2) that such injury outweighs any harm which granting injunctive relief would inflict on the defendant; (3) that plaintiff has exhibited a likelihood of success on the merits; and (4) that the public interest will not be adversely affected by the granting of the injunction. *Teradyne, Inc. v. Mostek Corp.*, 797 F.2d 43, 51-52 (1st Cir. 1986).

The Plaintiff does not establish any of the necessary prerequisites. First, the Plaintiff fails to articulate *how* it will suffer likely irreparable harm, offering only conclusory statements in the absence of any supportive caselaw that an inspection – if involving certain Defendants, and recording and touching of holy objects – would cause Egypt House's desecration and therefore irreparable harm. See *Winter v. Natural Resources Defense Counsil, Inc.*, 555 U.S. 7, 11 (2008) ("This Court's frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction.") As the Plaintiff suggests continually, alternative options for the inspection are possible. It can hardly claim likely irreparable injury if the inspection proceeds as ordered. It would behoove the Plaintiff to turn the other cheek and allow the inspection.

The nebulous harm claimed by the Plaintiff does not outweigh the harm to the Defendants, and to the public interest that would result by a preliminary injunction. The Defendants simply seek to carry out their duties as volunteer town officials. The duty they carry out is important to the town of Marblehead – fairly and efficiently assessing taxes for the smooth and fair function of government. The Plaintiff's unsubstantiated claims of First Amendment protection do little to support its claim of likely irreparable injury that outweighs the public interest in fair and orderly tax collection. Finally, the Plaintiff has failed to exhibit a likelihood of success on the merits. The Plaintiff simply claims that it will win tax abatement if only the inspection is not conducted by biased town officials. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter* at 11.

The Plaintiff's argument for a preliminary injunction is little more than a house built on sand, and the Court should not order such an extraordinary remedy.

### III.   Conclusion

The Town Defendants request that the Court deny the Plaintiff's Motion for Preliminary Injunction and dismiss the case in its entirety because the Plaintiff has failed to establish the four prerequisites for the issuance of a preliminary injunction, and its claims are barred by *Younger* abstention and should be brought in the superior court.

        Respectfully submitted,

        */s/ Leonard H. Kesten*
        Leonard H. Kesten, BBO# 542042
        Christina Bonelli, BBO# 698709
        BRODY, HARDOON, PERKINS & KESTEN, LLP
        265 Franklin Street, 12th Floor
        Boston, MA 02110
        (617) 880-7100
        lkesten@bhpklaw.com
        nbonelli@bhpklaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those participants indicated as non-registered participants.

        */s/ Leonard H. Kesten*
        Leonard H. Kesten, BBO# 542042

Dated: April 4, 2025