**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| EGYPT HOUSE,<br>Plaintiff,<br><br>v.<br><br>JOHN P. KELLEY, *et al.*,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.: 25-10597-BEM<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR CONTINUANCE** |

**<u>Table of Authorities</u>**

**Cases**

*Gouin v. Nolan Assocs., LLC,* 325 F.R.D. 521 (D. Mass. 2017)

*Jones v. Winnepesaukee Realty*, 990 F.2d 1, 5 (1st Cir. 1993).

*United States v. Lopez,* 854 F. Supp. 50, 51 (D.P.R. 1994)

**Rules and Regulations**

USCS Fed Rules Civ Proc R 11

L.R., D. Mass. 40.3

## I. Background

On April 4, 2025, Defendants filed oppositions to Motion for Preliminary Injunction and Motion to Stay, each filed by Plaintiff Egypt House. On April 3, 2025, Plaintiff Egypt House filed Motion for Leave to Respond to the oppositions so-filed by Defendants. On April 7, 2025, this Court entered Order for Leave to Respond. On April 8, 2025, Plaintiff Egypt House filed its Response to Defendants oppositions to Motion for Preliminary Injunction and Motion to Stay. In preparing its response to Defendants' oppositions, Plaintiff Egypt House observed factual discrepancies based upon the record, as well as conclusions of law based thereon.

In response to the misstatements and inaccuracies asserted in each of Defendant Chairman DeFrancisco's Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction, Declaration of Chairman Michael J. DeFrancisco ("Defendant DeFrancisco"), and Town Defendants' Opposition to the Plaintiff's Motion for Preliminary Injunction (such Defendants, the "Town Defendants"), on April 16, 2025, Plaintiff Egypt House served Notice of Motion and Memorandum in Support of Sanctions under USCS Fed Rules Civ Proc R 11. Rule 11(b) provides for a twenty-one (21) day safe-harbor to enable counterparties to a Rule 11 Notice of Motion within which to respond. In order to provide Defendant DeFrancisco and Town Defendants time within which to respond to the subject Notices of Motion and refrain from burdening this Court needlessly in considering arguments that may be amended or withdrawn after the hearing on each of the Motion for Preliminary Injunction and Motion to Stay filed by Plaintiff Egypt House, currently set for April 29, 2025, Plaintiff Egypt House files this Memorandum and its Motion for Continuance.

## III. Legal Basis for Granting a Continuance

At Rule 40.3 of the Local Rules of the United States District Court for the District of Massachusetts the Rule "continuances shall be granted only for good cause."[1] In *Gouin v. Nolan Assocs., LLC,* 325 F.R.D. 521 (D. Mass. 2017), the Court found as follows:

> In evaluating whether a party has shown good cause, courts consider 1) the diligence of the party seeking the [amendment] and 2) whether the opposing party would be prejudiced if [modification] were allowed. *Id.* at 155. [I]ndifference by the moving party weighs against a showing of good cause. *Id.* (internal quotations omitted).

The *Gouin* Court went on to state:

> The rationale behind the good cause standard is that it provides courts with the 'devices necessary to manage [their] docket[s]' and facilitates 'effective case management.' *Id.* (internal quotations omitted). Trial courts are granted 'great latitude in carrying out case-management functions,' *citing, Jones v. Winnepesaukee Realty*, 990 F.2d 1, 5 (1st Cir. 1993).

The foregoing principle of fairness to all parties, consideration for diligence exhibited by the moving party in seeking the requested action sooner rather than later, and deference to the court in managing its docket in an efficient and timely manner were reaffirmed by the Court in *United States v. Lopez,* 854 F. Supp. 50, 51 (D.P.R. 1994), where it held:

> A trial court is granted broad discretion in deciding whether to grant a continuance. Factors which may be taken into account when determining whether to grant a continuance include (1) the amount of time available for preparation, (2) the likelihood of prejudice resulting from a denial, (3) the defendant's role in causing the inadequate preparation time; (4) the degree of complexity of the case, and (5) the availability of discovery from the prosecution. A motion for continuance must be granted if the denial would be an unreasonable and arbitrary insistence on accelerating the proceedings.

---

1 L.R., D. Mass. 40.3

## IV. Argument

The rationale behind this request for a continuance is to provide the counterparties to the suit with an opportunity to modify their oppositions, if warranted, given the Rule 11 assertion, and providing this Court with the ability to hear the Motion for Preliminary Injunction and Motion to Stay upon substantive, authentic factual and legal bases, as opposed to vague assertions of meritlessness, ill-researched contentions by Plaintiff Egypt House, and subjective evaluations that are not within the purview of the opposing parties. The objectionable assertions raised by the Defendants in their respective oppositions serve to cloud Plaintiff Egypt House through innuendo in questions of legitimacy and substance, with the objective of attacking credibility, rather than the truths supporting the basis for seeking such equitable relief as stated in the Motion for Preliminary Injunction and Motion to Stay to be heard by this Court.

Evaluating the points in favor of the requested continuance at issue here, Plaintiff Egypt House seeks the continuance to provide this Court to get closer to the merits of the matters to be heard through an evaluation of true counter arguments. As to the Defendants, the continuance provides each of them with the opportunity to amend their oppositions, if decided to be meritorious by either of them following receipt of the Rule 11 Notice of Motion. In view of the fact no party will be unduly burdened by a continuance of the subject hearing for a period of no less than eleven (11) days following the scheduled hearing date (the date upon which the twenty-one (21) day safe harbor lapses is May 7th, 2025). If the continuance is not granted, this Court may hear the matters raised by the Motion for Preliminary Injunction and Motion to Stay based upon false points in opposition, thereby causing this Court to rely upon faulty counterarguments.

Therefore, we believe it is to the benefit of all parties to continue the April 29th hearing on the subject motions until expiration of the twenty-one (21) day safe harbor period.

Respectfully submitted,

DATED: April 19, 2025

/s/Tracey M.A. Stockton
Tracey M.A. Stockton (MA Bar No.: 568495)
Admitted before the United States District Court, Massachusetts District

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

Pursuant to USCS Fed Rules Civ Proc R 5, I certify a copy of Memorandum in Support of Motion for Continuance filed in connection therewith was served via electronic mail on April 19, 2025, to the following parties:

Aaron Macris, Esq.
Assistant Attorney General
Massachusetts Attorney General

Leonard H. Kesten, Esq.
Brody, Hardoon, Perkins & Kesten, LLP
lkesten@bhpklaw.com

Nina Bonelli, Esq.
Brody, Hardoon, Perkins & Keston, LLP
nbonelli@bhpklaw.com

George C. Rockas, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
George.Rockas@wilsonelser.com

Anne V. Kim, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
Anne.Kim@wilsonelser.com

/s/Tracey M.A. Stockton