UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EGYPT HOUSE,<br>    Plaintiff,<br><br>v.<br><br>JOHN P. KELLEY, *et al.,*<br>    Defendants. | ) Civil Action No.: 1:25-cv-10597-BEM<br>)<br>)<br>) **MOTION FOR SANCTIONS UNDER**<br>) **USCS FED RULES CIV PROC R 11(b)**<br>)<br>) **Oral Argument Requested** |

  As more particularly described below, because each of Defendant Mark J. DeFrancisco and the Marblehead Defendants (as defined hereinbelow) waived their right to withdraw or modify the pleadings pursuant to which this Motion arises within a twenty-one day period following service in keeping with USCS Fed Rules Civ Proc R 11(c),[1] pursuant to USCS Fed Rules Civ Proc R 11(b), Plaintiff Egypt House hereby moves this Court for the imposition of sanctions against each of Defendant Mark J. DeFrancisco and Defendants John P. Kelley, William J. Willis, Jonathan Lederman, Todd Laramie, Karen D. Bertolino, Michael Tumulty, Douglas E. Percy, the Board of Assessors Town of Marblehead, the Town of Marblehead, and Thatcher W. Kezer, III (collectively, the "Marblehead Defendants"). Each of Defendant Mark J. DeFrancisco and the Marblehead Defendants, by and through counsel to each of them, have asserted "factual contentions" that do not "have evidentiary support," nor were such claims "specifically so identified," as "likely [having] evidentiary support after a reasonable opportunity for further investigation or discovery."[2] Looking at Rule 11(b)(4) in the context of assertions

---

[1]  *Motion for Sanctions.* A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. USCS Fed Rules Civ Proc R 11.

[2]  *Representations to the Court.* By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

made by Defendant Mark J. DeFrancisco and/or the Marblehead Defendants, certain of the "denials of factual contentions" asserted by each of them "are [not] warranted on the evidence" and are not "specifically so identified" as being "reasonably based on belief or a lack of information"(n.2). Because the assertions identified in the Memoranda in Support of this Motion filed by Plaintiff Egypt House contemporaneous with this filing are not in keeping with the requirements of USCS Fed Rules Civ Proc R 11(b)(3) and/or (4), these assertions are construed as violative of USCS Fed Rules Civ Proc R 11(b)(1), *i.e.,* the assertions are "presented for an[y] improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."

Rule 11(b) provides counterparties to a Rule 11(b) motion with a twenty-one day "safe harbor" within which to amend the pleading subject to invocation of the Rule (n.1). All of the Defendants, including each of Defendants Adam J. Costa, Esq., Lisa L. Mead, Esq., and Matthew D. Provencher Esq. (none of whom are counterparties to this Motion), responded to this Court in the form of Oppositions to Motion for Continuance filed by Plaintiff Egypt House (*see,* ECF Nos.: 34, 35, 36, and 37) that none of them would be withdrawing or modifying their Oppositions in response to Plaintiff's Notice of Motion and Memorandum in support thereof served upon Defendant Mark J. DeFrancisco and the Marblehead Defendants on April 16, 2025, in accordance with USCS Fed Rules Civ Proc R 5A.

---

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information. USCS Fed Rules Civ Proc R 11.

Based upon the foregoing, Plaintiff Egypt House respectfully requests this Court impose sanctions, as deemed advisable by this Court, against Defendant Mark J. DeFrancisco and the Marblehead Defendants. In support of this Motion, Plaintiff Egypt House files its contemporaneous Memoranda in Support.

DATED:  April 25, 2025            /s/Tracey M.A. Stockton
                                    Tracey M.A. Stockton (MA Bar No.: 568495)
                                    Admitted before the United States District Court,
                                    Massachusetts District

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

Pursuant to USCS Fed Rules Civ Proc R 5, I certify a copy of Motion for Sanctions Under USCS Fed Rules Civ Proc R 11(b) was served via electronic mail on April 25, 2025, to the following parties:

Aaron Macris, Esq.
Assistant Attorney General
Massachusetts Attorney General

Leonard H. Kesten, Esq.
Brody, Hardoon, Perkins & Kesten, LLP
lkesten@bhpklaw.com

Nina Bonelli, Esq.
Brody, Hardoon, Perkins & Keston, LLP
nbonelli@bhpklaw.com

George C. Rockas, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
George.Rockas@wilsonelser.com

Anne V. Kim, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
Anne.Kim@wilsonelser.com

/s/Tracey M.A. Stockton