UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EGYPT HOUSE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN P. KELLEY, et al., )<br>)<br>Defendants. )<br>) | Civil Action No.<br>25-10597-BEM |

**MEMORANDUM AND ORDER ON PLAINTIFF'S
MOTIONS TO STAY AND FOR PRELIMINARY INJUNCTION**

**MURPHY, J.**

This action arises out of a dispute that is currently pending before the Massachusetts Appellate Tax Board ("ATB"), which hears and decides state and local tax appeals. Plaintiff Egypt House sought an abatement of local property taxes on the ground that it was using its property for religious purposes. The ATB subsequently issued an order permitting an inspection of the property pursuant to Mass. Gen. Laws c. 58A, § 8A, which states that "[b]efore the hearing of a petition for the abatement of a tax upon real estate, machinery or other tangible property, the appellant shall permit the appellee personally or by attorneys, experts or other agents, to enter upon such real estate or upon any premises where such personal property is situated and examine and inspect such real estate or personal property, including any property which the appellant claims is exempt from taxation." Following an unsuccessful motion in state court to restrain the ATB from allowing the inspection to proceed, Egypt House commenced this action in federal court. Egypt House has now moved (i) for a preliminary injunction to impose conditions on the inspection (Dkt. 5) and (ii) to

stay the ATB proceedings pending a hearing before this Court on the preliminary injunction motion (Dkt. 3). For the reasons set forth below, both motions will be denied.

I.    **Background**

On March 13, 2025, Egypt House brought suit against, among others, the Town of Marblehead (the "Town"); individuals serving as counsel to the Town; the Board of Assessors for the Town of Marblehead (the "Board of Assessors"); current and former members of the Board of Assessors; and the Chairman of the Appellate Tax Board. Dkt. 2. The complaint asserts eight counts: violations of 42 U.S.C. § 1983 for deprivation of rights under the First and Fourteenth Amendments (Counts 1 and 2), failure to train and supervise (Count 3), and municipal liability (Count 4); violations of 42 U.S.C. § 1985 for conspiracy to interfere with civil rights under the First and Fourteenth Amendments (Counts 5 and 6); violation of 42 U.S.C. § 1986 for neglect to prevent conspiracy (Count 7); and impairment of civil rights under Mass. Gen. Laws c. 12, § 11I (Count 8).

Also on March 13, 2025, Egypt House filed a motion for preliminary injunction. The motion seeks to enjoin inspection of the property by Defendants John Kelley, Chairman of the Board of Assessors, and Matthew Provencher, counsel for the Town; enjoin the photographing, recording, or handling of various holy and sacred objects within Egypt House during such inspection; and enjoin the ATB from empowering Defendant Mark DeFrancisco, Chairman of the ATB, from acting as an arbiter of disputes that arise pursuant to the inspection. Dkt. 5 at 2.

Egypt House also filed a motion to stay proceedings "currently pending before the Appellate Tax Board of The Commonwealth of Massachusetts, pending a hearing before this Court on the Motion for Preliminary Injunction." Dkt. 3 at 1.

After Egypt House commenced the present action, the inspection—which had been scheduled for April 1, 2025—was temporarily stayed by the ATB pending this Court's determination of the preliminary injunction motion. Dkt. 22-1 ¶ 11.

## II.     Standard of Review

"[T]he issuance of preliminary injunctive relief is 'an extraordinary and drastic remedy that is never awarded as of right.'" *Howe v. U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr. Series 2016-CTT*, 440 F. Supp. 3d 99, 102 (D. Mass. 2020) (quoting *Peoples Fed. Sav. Bank v. People's United Bank*, 672 F.3d 1, 8–9 (1st Cir. 2012)). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Together Emps. v. Mass Gen. Brigham Inc.*, 32 F.4th 82, 85 (1st Cir. 2022) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "The movant's likelihood of success on the merits weighs most heavily in the preliminary injunction calculus." *Ryan v. U.S. Immigr. & Customs Enf't*, 974 F.3d 9, 18 (1st Cir. 2020). "If the movant 'cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity.'" *Id.* (quoting *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002)).

"The court may accept as true 'well-pleaded allegations [in the complaint] and uncontroverted affidavits.'" *C&W Facility Servs. Inc. v. Mercado*, 2018 WL 4854630, at *2 (D. Mass. Oct. 5, 2018) (quoting *Rohm & Haas Elec. Materials, LLC v. Elec. Cirs. Supplies, Inc.*, 759 F. Supp. 2d 110, 114 n.2 (D. Mass. 2010)). "The Court may also rely on otherwise inadmissible evidence, including hearsay, in deciding a motion for preliminary injunction." *Bos. Taxi Owners Ass'n, Inc. v. City of Bos.*, 84 F. Supp. 3d 72, 78 (D. Mass. 2015) (citing *Asseo v. Pan Am. Grain Co.*, 805 F.2d 23, 26 (1st Cir. 1986)).

### III.     Analysis

Plaintiff has not established a likelihood of success on the merits.  As noted, the complaint asserts various federal claims and one state-law claim for impairment of Plaintiff's civil rights.  In the section of its brief devoted to addressing the likelihood of success on the merits (Dkt. 6 at 7–8), however, Plaintiff appears to argue that it has a high likelihood of success in proving that it is entitled to a tax abatement under Massachusetts law—an issue not before this Court.  Because Plaintiff does not offer meaningful analysis on the claims that it advances in this Court, it has failed to carry its burden of establishing a likelihood of success on the merits.  *See Mendez Internet Mgmt. Servs., Inc. v. Bankers Ass'n of P.R.*, 2010 WL 11565651, at *1 (D.P.R. Oct. 20, 2010) (denying motion for preliminary injunction where "[p]laintiffs have made no attempt to demonstrate to the Court that they have any likelihood of success on the merits of the claims alleged in the complaint, nor even indicated which of those claims is tied to the injunctive relief requested").  Nor did Plaintiff meaningfully respond to arguments offered by various Defendants, including that the relief sought is barred by the *Younger* doctrine; that this Court should refrain from hearing this action consistent with the principle of comity; that this Court should bar Plaintiff from proceeding on its claims in federal court pursuant to the Tax Injunction Act of 1937; that the Federal Courts Improvement Act of 1996 prohibits injunctive relief against judicial officers; and that the inspection order is required by a facially neutral and generally applicable law, and is thus subject to rational-basis review, which it passes.

"Where, as here, there is no likelihood of success on the merits, the inquiry need go no further, as 'a showing of likelihood of success on the merits is essential to the issuance of a preliminary injunction.'" *Metro Motor Sales, Inc. v. City of Worcester*, 2013 WL 6490153, at *4 (D. Mass. Dec. 9, 2013) (quoting *New Comm Wireless Servs., Inc.*, 287 F.3d at 13–14).

## IV. <u>Conclusion</u>

For the foregoing reasons, Plaintiff's motion for preliminary injunction (Dkt. 5) is DENIED.  The motion for a stay pending a hearing before this Court on the motion for preliminary injunction (Dkt. 3) is DENIED as moot.

**So Ordered.**

Dated:  May 1, 2025

/s/ Brian E. Murphy
Brian E. Murphy
Judge, United States District Court