IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EGYPT HOUSE,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN P. KELLEY, AS AN INDIVIDUAL AND IN HIS CAPACITY AS CHAIRMAN OF THE BOARD OF ASSESSORS, WILLIAM J. WILLIS, AS AN INDIVIDUAL AND IN HIS CAPACITY AS MEMBER OF THE BOARD OF ASSESSORS, JONATHAN LEDERMAN, AS AN INDIVIDUAL AND IN HIS CAPACITY AS MEMBER OF THE BOARD OF ASSESSORS, TODD LARAMIE, AS AN INDIVIDUAL AND IN HIS CAPACITY AS ASSISTANT ASSESSOR, KAREN D. BERTOLINO, AS AN INDIVIDUAL AND FORMER ASSISTANT ASSESSOR, MICHAEL TUMULTY, AS AN INDIVIDUAL, IN HIS CAPACITY AS ASSISTANT ASSESSOR (RET.), AND CONSULTANT TO THE TOWN OF MARBLEHEAD, DOUGLAS E. PERCY, AS AN INDIVIDUAL AND IN HIS CAPACITY AS MEMBER OF BOARD OF ASSESSORS, BOARD OF ASSESSORS, TOWN OF MARBLEHEAD, THE TOWN OF MARBLEHEAD, A MASSACHUSETTS TOWNSHIP, THATCHER W. KEZER, III, AS AN INDIVIDUAL AND IN HIS CAPACITY AS TOWN ADMINISTRATOR, LISA L. MEAD, AS AN INDIVIDUAL AND IN HER CAPACITY AS TOWN COUNSEL, ADAM J. COSTA OF MEAD, TALERMAN & COSTA, LLC, AS AN INDIVIDUAL AND IN HIS CAPACITY AS COUNSEL TO THE TOWN OF MARBLEHEAD, MATTHEW D. PROVENCHER OF MEAD, TALERMAN & COSTA, LLC, AS AN INDIVIDUAL AND IN HIS CAPACITY AS COUNSEL TO THE TOWN OF MARBLEHEAD, AND MARK J. DEFRANCISCO, AS AN INDIVIDUAL AS TO CLAIMS ARISING UNDER G.L. C. 12, § 11I AND IN HIS CAPACITY AS CHAIRMAN OF THE APPELLATE TAX BOARD (EQUITABLE RELIEF ONLY AS TO CLAIMS ARISING UNDER 42 U.S.C.S. § 1983 AND 42 U.S.C.S. § 1985),<br><br>    Defendants. | C.A. No.: 1:25-cv-10597-BEM |

1

322605424v.2

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................................... 5

BRIEF RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ............................. 6

LEGAL STANDARD ......................................................................................................... 8

ARGUMENT ...................................................................................................................... 9

    I.    The Court Should Refrain From Hearing This Matter In Its Entirety Because Plaintiff Asks the Court To Interfere With An Ongoing State Proceeding Related To The Assessment And Collection Of State Taxes ........... 9

    II.    Plaintiff Has Not Demonstrated A Likelihood Of Success On The Merits ....... 11

        a.    First Amendment – Compelled Disclosure of Religious Associations ....................................................................................... 11

        b.    First Amendment – Free Exercise Clause ............................................... 13

        c.    Religious Land Use and Institutionalized Persons Act (RLUIPA) ........ 14

        d.    Fourth Amendment ................................................................................ 14

        e.    Equal Protection and Due Process Violations ....................................... 15

CONCLUSION ................................................................................................................. 17

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Am. Trucking Ass'ns v. Alviti*,
  944 F.3d 45 (1st Cir. 2019) ........................................................................................................9

*Barrington Cove Ltd. P'ship v. R.I. Hous. & Mortg. Fin. Corp.*,
  246 F.3d 1 (1st Cir. 2001) ........................................................................................................16

*Church of the Lukumi Babalu Aye v. City of Hialeah*,
  508 U.S. 520 (1993) .................................................................................................................13

*Coyne v. City of Somerville*,
  972 F.2d 440 (1st Cir. 1992) ....................................................................................................16

*Cumberland Farms, Inc. v. Tax Assessor*,
  116 F.3d 943 (1st Cir. 1997) ....................................................................................................10

*Dartmouth Review v. Dartmouth Coll.*,
  889 F.2d 13 (1st Cir. 1989) ......................................................................................................16

*Egypt House v. Bd. of Assessors of the Town of Marblehead*,
  Docket No. F-351238 .................................................................................................................6

*Employment Division v. Smith*,
  494 U.S. 872 (1990) .................................................................................................................13

*Fair Assessment in Real Estate Ass'n v. McNary*,
  454 U.S. 100 (1981) ............................................................................................................9, 10

*Flynn v. Hannaford*,
  No. 22-1184, 2022 U.S. Dist. LEXIS 56331 (D. Mass. 2022) ............................................9, 10

*Gillan v. Town of Carver*,
  No. 24-CV-12212, 2025 U.S. Dist. LEXIS 126934 (D. Mass. July 3, 2025) ...........................8

*Howe v. U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr. Series 2016-CTT*,
  440 F. Supp. 3d 99 (D. Mass. 2020) ..........................................................................................8

*Kyllo v. United States*,
  533 U.S. 27 (2001) ...................................................................................................................15

*LaVallee v. Town of Dedham*,
  736 F.Supp. 3d 26 (D. Mass. 2024) ...................................................................................11, 16

*Levin v. Com. Energy, Inc.*,
   560 U.S. 413 (2010) ............................................................................................................. 9

*Maine Educ. Ass'n v. Cioppa*,
   695 F.3d 145 (1st Cir. 2012) ................................................................................................ 8

*Mass. Coal. of Citizens with Disabilities v. Civil Def. Agency & Office of Emergency Preparedness*,
   649 F.2d 71 (1st Cir. 1981) .................................................................................................. 8

*Metro Motor Sales, Inc. v. City of Worcester*,
   No. 13-40112, 2013 U.S. Dist. LEXIS 172698 (D. Mass. Dec. 9, 2013) ........................... 11

*NAACP v. Ala. ex re. Patterson*,
   357 U.S. 449 (1958) ........................................................................................................... 12

*New Comm. Wireless Servs., Inc. v. SprintCom, Inc.*,
   287 F.3d 1 ........................................................................................................................... 11

*Nieves-Marquez v. Puerto Rico*,
   353 F.3d 108 (1st Cir. 2003) ................................................................................................ 8

*Pearson v. Bank of N.Y. Mellon*,
   No. 14-12359, 2014 U.S. Dist. LEXIS 106457 (D. Mass. 2014) ........................................ 8

*Peckham v. Bd. of Selectmen*,
   2017 U.S. Dist. LEXIS 173450 (D. Mass. 2017) ..................................................... 9, 10, 11

*Peoples Fed. Sav. Bank v. People's United Bank*,
   672 F.3d 1 (1st Cir. 2012) .................................................................................................... 8

*Philip Morris, Inc. v. Harshbarger*,
   159 F.3d 670 (1st Cir.1998) ................................................................................................. 8

*Rosewell v. LaSalle Nat'l Bank*,
   450 U.S. 503 (1981) ........................................................................................................... 10

*Rubinovitz v. Rogato*,
   60 F.3d 906 (1st Cir. 1995) ................................................................................................ 16

*Rumford Free Catholic Library v. Town of Rumford*,
   No. 2:20-cv-00066, 2020 U.S. Dist. LEXIS 103245 (D. Me. 2020) .................................. 10

*Tran v. Summers*,
   No. 1:22-cv-12068, 2023 U.S. Dist. LEXIS 173863 (D. Mass. 2023) ......................... 10, 11

*U.S. v. Mumme*,
   985 F.3d 25 (1st Cir. 2021) ................................................................................................ 15

322605424v.2

*U.S. v. Perez-Montañez*,
   202 F.3d 434 (1st Cir. 2000) ................................................................................................ 15

*Wal-Mart Puerto Rico, Inc. v. Zaragoza-Gomez*,
   834 F.3d 110 (1st Cir. 2016) ................................................................................................ 10

*Winter v. Natural Res. Def. Council, Inc.*,
   555 U.S. 7 (2008) ................................................................................................................... 8

**Statutes**

28 U.S.C. § 1341 ............................................................................................................................ 5, 9

42 U.S.C. § 1983 ............................................................................................................................ 6, 9

42 U.S.C. § 1985 ................................................................................................................................. 6

42 U.S.C. § 1986 ................................................................................................................................. 6

Freedom of Access to Clinic Entrances Act, 18 U.S.C. § 248 ........................................................ 6

M.G. L. c. 58A, § 8A .......................................................................................................................... 7

M.G. L. c. 58A, § 13 ......................................................................................................................... 10

M.G.L. c. 231, § 59H ......................................................................................................................... 6

Massachusetts Civil Rights Act, M.G.L. c. 12, § 11I ..................................................................... 6

Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc -
   2000cc-5 .............................................................................................................................. 6, 14

**Rules**

Fed. R. Civ. P. 8 .................................................................................................................................. 6

Fed. R. Civ. P. 12(b)(1) ...................................................................................................................... 6

Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 6, 16

4

**OPPOSITION OF DEFENDANTS ADAM COSTA, LISA MEAD, AND MATTHEW PROVENCHER TO PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (DOC. 115)**

**INTRODUCTION**

Plaintiff again asks this court to improperly interfere with the pending proceedings of the Massachusetts Appellate Tax Board (ATB), seeking an injunctive order to effectively overrule an ATB ruling regarding Plaintiff's discovery obligations in the ATB proceeding and to prevent certain photographs from being admitted into evidence at an upcoming ATB hearing. Plaintiff cannot meet its burden to obtain either a temporary restraining order or a preliminary injunction in this action because it has not established a likelihood of success on the merits. Further, because the injunctive relief sought is a restraint on the state tax collection process, it is contrary to the principle of comity and barred by the Tax Injunction Act of 1937, 28 U.S.C. § 1341.

In addition to being meritless, Plaintiff's Motion is based on a misrepresentation that defendants forcibly photographed the interior of Plaintiff's premises. In fact, Plaintiff expressly agreed to an inspection of its property to occur on July 23, 2025, with full knowledge and agreement that in the course of the inspection, "[t]he assessors [were] permitted to photograph the interiors of the subject propert[y] without limitation." *See* Exhibit A, June 25, 2025 Email From Attorney Stockton with Attachment; Exhibit B, Plaintiff's Motion to Hold In Abeyance in the matter of *Egypt House v. Kelley*, No. 25-1533; Exhibit C, Orders of the ATB, No. F351238. This is just the latest example of Plaintiff's repeated submission of knowing misrepresentations to this court in its pleadings and written motions regarding the alleged actions of the defendants, including previous misrepresentations that defendants, "[i]n July 2025 … *forced* their way into" Plaintiff's property," and "*forced*" an inspection of the property. *See* Plaintiff's Amended and Restated Verified Complaint (Doc. 96) at ¶¶ 1-3 (emphasis supplied); Plaintiff's Third Amended and Restated Verified Complaint (Doc. 103) at ¶ 43 (emphasis supplied). No force was used in

5

conducting the inspection or taking photographs of the interior; Plaintiff, through counsel, expressly agreed to both. Plaintiff should not be permitted to continue in this manner.

Defendants Adam Costa, Esq., Lisa Mead, Esq., and Matthew Provencher, Esq. (collectively "Attorney Defendants") further state in opposition to the Motion as follows.

### BRIEF RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's operative pleading, the Fourth Amended Complaint (Doc. 110) (the "Complaint") asserts federal constitutional claims via 42 U.S.C. §§ 1983, 1985, 1986; violation of The Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc; the Freedom of Access to Clinic Entrances Act, 18 U.S.C. § 248; state constitutional claims; and violation of the Massachusetts Civil Rights Act, M.G.L. c. 12, § 11I.[1] Despite several amendments, Plaintiff's Complaint fails to clearly state the basis of the numerous claims, but essentially appears to allege that defendants have wrongfully denied Plaintiff an abatement of local property taxes based on its claimed religious exemption and that the Attorney Defendants filed motions and rendered legal advice in the course of representing the Town in the context of the Plaintiff's appeal of the denial of the tax abatement before the ATB. *See* Plaintiff's Fourth Amended and Restated Verified Complaint (Doc. 110), at ¶¶ 1, 5, 72, 128. The Complaint generally lacks factual allegations that clearly identify the alleged wrongful conduct, and contains no allegations against the Attorney Defendants concerning any conduct outside of their work representing and/or advising the Town in the context of the ATB proceeding, which remains pending.

Briefly, the context of Plaintiff's Complaint is a pending proceeding in the ATB, *Egypt House v. Bd. of Assessors of the Town of Marblehead*, Docket No. F-351238, in which Plaintiff

---

[1] Defendants anticipate moving to dismiss all claims against them asserted in the Complaint, pursuant to M.G.L. c. 231, § 59H, and Fed. R. Civ. P. 8, 12(b)(1) and (6).

appeals a determination of the Board of Assessors relative to Plaintiff's request for a property tax abatement on the grounds of the use of the property for religious purposes.

On January 7, 2025, the ATB issued an Order permitting an inspection of Plaintiff's property pursuant to M.G. L. c. 58A, § 8A by the Town's assessors and its attorneys, and specifically allowing the assessors to photograph the interior of the property without limitation. *See* Exhibit C, Orders of the ATB, No. F351238.

On June 15, 2025, the ATB issued an Order scheduling the inspection for July 23, 2025, to be conducted in accordance with prior ATB Orders, including the January 7, 2025 Order which expressly permitted photography of the property. *See* Exhibit B, Plaintiff's Motion to Hold In Abeyance in the matter of *Egypt House v. Kelley*, No. 25-1533.

On June 25, 2025, Plaintiff agreed to the inspection as ordered by the ATB. *See* Exhibit A, June 25, 2025 Email From Attorney Stockton with Attachment.

On July 23, 2025, the inspection took place.

On October 14, 2025, the ATB issued an Order allowing a motion to compel discovery from Plaintiff. *See* Exhibit F, Board of Assessors of the Town of Marblehead's Motion to Compel Further Answers to Interrogatories from Egypt House; Exhibit D, October 14, 2025 ATB Order.

On November 12, 2025, the ATB is scheduled to hold a hearing on Plaintiff's appeal. *See* Exhibit E, August 5, 2025 ATB Order.

Although Plaintiff's Motion lacks specificity regarding what exactly Plaintiff is asking this court to do, it appears from context that Plaintiff is asking this Court to overrule the October 14, 2025 Order of the ATB regarding Plaintiff's discovery obligations and to restrain the ATB from accepting photographs from the inspection into evidence at the November 12, 2025 hearing.

## **LEGAL STANDARD**

"Courts apply the same standard in assessing motions for a temporary restraining order and motions for a preliminary injunction." *Gillan v. Town of Carver*, No. 24-CV-12212, 2025 U.S. Dist. LEXIS 126934, at *1-2 (D. Mass. July 3, 2025). "[T]he issuance of preliminary injunctive relief is 'an extraordinary and drastic remedy that is never awarded as of right.'" *Howe v. U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr. Series 2016-CTT*, 440 F. Supp. 3d 99, 102 (D. Mass. 2020) (quoting *Peoples Fed. Sav. Bank v. People's United Bank*, 672 F.3d 1, 8–9 (1st Cir. 2012)). The authority "to issue a preliminary injunction should be sparingly exercised." *Mass. Coal. of Citizens with Disabilities v. Civil Def. Agency & Office of Emergency Preparedness*, 649 F.2d 71, 76 n.7 (1st Cir. 1981).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008). The moving party's likelihood of success on the merits is "the touchstone of the preliminary injunction inquiry." *Philip Morris, Inc. v. Harshbarger*, 159 F.3d 670, 674 (1st Cir.1998). "[I]f the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *Maine Educ. Ass'n v. Cioppa*, 695 F.3d 145, 152 (1st Cir. 2012). The moving party bears the burden of proof for each of these four factors. *Nieves-Marquez v. Puerto Rico*, 353 F.3d 108, 120 (1st Cir. 2003).

In deciding a motion for preliminary injunction, the court is not limited to the allegations asserted in the complaint and may consider additional facts supported by exhibits. *Pearson v. Bank of N.Y. Mellon*, No. 14-12359, 2014 U.S. Dist. LEXIS 106457, at *20 (D. Mass. 2014).

**ARGUMENT**

I. **The Court Should Refrain From Hearing This Matter In Its Entirety Because Plaintiff Asks the Court To Interfere With An Ongoing State Proceeding Related To The Assessment And Collection Of State Taxes**

Plaintiff's Complaint expressly seeks to enjoin the local collection of property tax, asking this court to "ORDER immediate recognition of Egypt House's tax-exempt status retroactive to 2022." *See* Plaintiff's Fourth Amended and Restated Verified Complaint (Doc. 110), Prayer for Relief, ¶3. However, under the principle of comity and the Tax Injunction Act of 1937 ("TIA"), 28 U.S.C. § 1341, federal district courts may not hear either suits for damages or for injunctive relief related to the collection of any tax under state law where a plain, speedy and effective remedy may be had in the state courts.

The principle of comity generally precludes federal courts from hearing suits for damages under 42 U.S.C. § 1983 premised on allegations that the state tax collection process violated taxpayers' federal constitutional rights. *See Flynn v. Hannaford*, No. 22-1184, 2022 U.S. Dist. LEXIS 56331, at * 10 (D. Mass. 2022) (citing *Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100, 105-107 (1981); *see also Am. Trucking Ass'ns v. Alviti*, 944 F.3d 45, 57 (1st Cir. 2019) ("'[T]he comity doctrine applicable in state taxation cases restrains federal courts from entertaining claims for relief that risk disrupting state tax administration.'") (quoting *Levin v. Com. Energy, Inc.*, 560 U.S. 413, 417 (2010)).

The principle of comity is further reflected, or partially codified in, the TIA, 28 U.S.C. § 1341, which provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." *See id.* at *13. For purposes of the TIA, state taxation includes local taxation. *Peckham v. Bd. of Selectmen*, 2017 U.S. Dist. LEXIS 173450, at *14 (D. Mass. 2017). "Congress intended the TIA to be 'first and foremost a vehicle to limit

9

drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes.'" *Wal-Mart Puerto Rico, Inc. v. Zaragoza-Gomez*, 834 F.3d 110, 118 (1st Cir. 2016) (quoting *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 522 (1981)). By its express terms, the TIA applies where a plaintiff seeks injunctive relief, but it also applies to actions for monetary relief. *See Peckham*, 2017 U.S. Dist. LEXIS 173450, at *14 (citing *Fair Assessment in Real Estate Ass'n, Inc.*, 454 U.S. at 103 & 113). Thus, the TIA "'is a complete bar to maintaining [an] action in a federal forum' on a state tax claim." *Tran v. Summers*, No. 1:22-cv-12068, 2023 U.S. Dist. LEXIS 173863, at * 6 (D. Mass. 2023) (quoting *Cumberland Farms, Inc. v. Tax Assessor*, 116 F.3d 943, 945 (1st Cir. 1997)), *aff'd* No. 23-1972, 2024 U.S. App. LEXIS 29926 (1st Cir. 2024); *Rumford Free Catholic Library v. Town of Rumford*, No. 2:20-cv-00066, 2020 U.S. Dist. LEXIS 103245 (D. Me. 2020). The jurisdictional bar of the TIA is subject to a narrow exception, not applicable here, where state law does not provide a remedy that is "plain, adequate, and complete." *Tran*, 2023 U.S. Dist. LEXIS 173863, at * 6.[2]

Here, Plaintiff's Motion seeks injunctive relief that would effectively overturn the ATB's October 14, 2025 Order regarding discovery to be produced in its proceeding and restrain it from taking evidence in a hearing to determine issues of state taxation of Plaintiff's property (and restrain Attorney Provencher from obtaining discovery and admitting evidence in the ATB

---

[2] Plaintiff's Motion fails to allege that Plaintiff's state remedy is inadequate. To the extent that Plaintiff is dissatisfied with a final decision of the ATB, it may appeal to the Massachusetts Appeals Court pursuant to M.G. L. c. 58A, § 13. *See Flynn*, 2022 U.S. App. LEXIS 37650 at * 3 ("Massachusetts law allows a taxpayer to pursue an administrative challenge to an assessment via an abatement application and then seek judicial review by the Massachusetts Appeals Court (at which point he may raise federal claims challenging the assessment and abatement process).").

proceeding). The TIA bars this court from reviewing Plaintiff's claims for relief related to its obligations to pay property tax. *Id.*

Accordingly, the Court should refrain from hearing this action consonant with the principle of comity or, in the alternative, bar Plaintiff from proceeding on this state tax claim in federal court pursuant to the TIA. *See Peckham*, 2017 U.S. Dist. LEXIS 173450, at *15-16 ("To the extent that the procedures Plaintiffs wish to halt are for the purpose of collecting municipal taxes, the TIA would also prevent the court from exercising jurisdiction over such a matter.").

## II. Plaintiff Has Not Demonstrated A Likelihood Of Success On The Merits

If the Court reaches Plaintiff's Motion on its merits, the Motion should be denied on the grounds that Plaintiff fails to establish a likelihood of success on the merits. Although Plaintiff's Complaint asserts seventeen separate causes of action, Plaintiff's Motion addresses only the following five claims in the section of the Motion addressed to likelihood of success on the merits, and Plaintiff therefore waives argument as to the remainder. *See LaVallee v. Town of Dedham*, 736 F.Supp. 3d 26, 53 (D. Mass. 2024). Plaintiff fails to demonstrate a likelihood of success on the merits under any of the claims addressed, and for that reason the Motion should be denied. *See Metro Motor Sales, Inc. v. City of Worcester*, No. 13-40112, 2013 U.S. Dist. LEXIS 172698, at * 10 (D. Mass. Dec. 9, 2013) ("Where, as here, there is no likelihood of success on the merits, the inquiry need go no further, as 'a showing of likelihood of success on the merits is essential to the issuance of a preliminary injunction.'") (quoting *New Comm. Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 13–14).

### a. First Amendment – Compelled Disclosure of Religious Associations

Although Plaintiff's Motion and Complaint refer to a contested September 5, 2025 discovery demand for the names of worshippers and pilgrims, Plaintiff fails to attach the

document as an exhibit, to quote from it, or otherwise identify it with specificity. *See* Plaintiff's Motion at pgs. 2, 4, 6; Plaintiff's Fourth Amended and Restated Verified Complaint (Doc. 110), at ¶¶ 74. In light of the limited context provided in Plaintiff's Motion, Plaintiff seems to refer to interrogatories served on Plaintiff by the Board of Assessors of the Town of Marblehead via counsel, Attorney Provencher, which were the subject of a motion to compel further answers, and an October 14, 2025 ATB Order allowing the motion to compel. *See* Exhibit F, Board of Assessors of the Town of Marblehead's Motion to Compel Further Answers to Interrogatories from Egypt House; Exhibit D, October 14, 2025 ATB Order. These interrogatories do not seek a membership list, or a list of worshippers and pilgrims as Plaintiff's Motion contends. *See* Exhibit F, Board of Assessors of the Town of Marblehead's Motion to Compel Further Answers to Interrogatories from Egypt House. Rather, the interrogatories seek information about the use of the property and the identities of persons who conduct activities at the property on behalf of Plaintiff or have resided at Plaintiff's property, related to Plaintiff's contention in the ATB proceeding that it is entitled to a religious use exemption from state property tax. *See* Exhibit F, Board of Assessors of the Town of Marblehead's Motion to Compel Further Answers to Interrogatories from Egypt House.

Thus, the circumstances of the discovery request at issue here versus the state demand for a list of all rank-and-file member from the Alabama affiliate of the NAACP in the 1950's as discussed in the case cited in Plaintiff's Motion is not comparable. *See NAACP v. Ala. ex re. Patterson*, 357 U.S. 449 (1958) (reversing state court decision compelling NAACP to produce membership lists to the Attorney General of Alabama on grounds that the production would repress freedom of association and was not justified by a substantial state interest). First, here, there is no request for a membership list or the identities of all members or all worshippers and

pilgrims.³ Second, the requests actually made, for a description of the use of the property and the identities of persons who conduct activities at the property on behalf of Plaintiff or have resided at Plaintiff's property, are justified given the state interest in assessing whether Plaintiff is entitled to the tax abatement it seeks based on the alleged religious use of its property.

Here, Plaintiff has not demonstrated either that responding to the contested discovery demand would result in repression of its members or constitutional rights, or that the request for information is not justified by a substantial state interest. Plaintiff is not likely to succeed on the merits with respect to this claim.

### b. First Amendment – Free Exercise Clause

There is no likelihood that Plaintiff will succeed with respect to its claims arising out of what it characterizes as "forced photography" of the interior of its property because Plaintiff expressly documented its agreement to the inspection, with knowledge that in the course of the inspection, "[t]he assessors [were] permitted to photograph the interiors of the subject propert[y] without limitation." *See* Exhibit A, June 25, 2025 Email From Attorney Stockton with Attachment; Exhibit B, Plaintiff's Motion to Hold In Abeyance in the matter of *Egypt House v. Kelley*, No. 25-1533; Exhibit C, Orders of the ATB, No. F351238. There was no forced photography.⁴

---

³ The Merriam-Webster dictionary defines "pilgrim" as "(1) one who journeys in foreign lands; (2) one who travels to a shrine or holy place as a devotee."

⁴ Plaintiff's Motion cites two cases, without page cites or explanatory parentheticals, for the proposition that forced photography violates the Free Exercise Clause, despite that neither case discusses photography or otherwise relates to or supports the proposition. *See Church of the Lukumi Babalu Aye v. City of Hialeah*, 508 U.S. 520 (1993) (holding that state law prohibiting ritual sacrifice was not neutral and not justified by a compelling interest and narrowly tailored to advance that interest); *Employment Division v. Smith*, 494 U.S. 872 (1990) (holding that state law prohibiting peyote use was facially neutral and generally applicable, and denial of unemployment benefits to persons discharged for such use did not offend the Free Exercise Clause).

13

### c.  Religious Land Use and Institutionalized Persons Act (RLUIPA)

Plaintiff has not demonstrated a likelihood of success for a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc -2000cc-5, because, as an initial matter, Plaintiff has not established that RLUIPA applies to any of Plaintiff's claims. RLUIPA is narrowly directed at "land use regulation," which it defines as "a zoning or landmarking law, or the application of such a law that limits or restricts a claimant's use or development of land (including a structure affixed to land), if the claimant has ownership,…or other property interest in the regulated land…[.]" 42 U.S.C. § 2000cc-5(5). RLUIPA provides that:

> No government shall impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution, unless the government demonstrates that imposition of the burden on that person, assembly, or institution—
>
> (A) is in furtherance of a compelling governmental interest; and
> (B) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc (a)(1). Here, there is no land use regulation as defined by RLUIPA at issue; a municipal property tax and an inspection of a property to assess its qualification for an abatement are not zoning or landmarking laws. *See* 42 U.S.C. § 2000cc-5(5). Plaintiff has not stated a claim under RLUIPA.

### d.  Fourth Amendment

Plaintiff argues in its Motion that it has a reasonable likelihood of success as to its claim of a Fourth Amendment violation based on "warrantless photography on July 23, 2025," that "exceeded the scope of any lawful inspection authority and constitutes an unreasonable search," and does not raise argument as to any other basis for a Fourth Amendment violation as asserted in the Complaint (i.e. a search of private clergy bedrooms). Plaintiff does not argue in the Motion

that the defendants taking part in the inspection on July 23, 2025 unreasonably entered into or viewed an area of the premises, only that the photography was improper.

As discussed above, Plaintiff consented to the July 23, 2025 inspection, with full knowledge and agreement that in the course of the inspection, "[t]he assessors [were] permitted to photograph the interiors of the subject propert[y] without limitation." *See* Exhibit A, June 25, 2025 Email From Attorney Stockton with Attachment; Exhibit B, Plaintiff's Motion to Hold In Abeyance in the matter of *Egypt House v. Kelley*, No. 25-1533; Exhibit C, Orders of the ATB, No. F351238. Thus, to the extent that the inspection is considered a search, it was consented to by Plaintiff. "Valid consent renders a warrantless search constitutionally permissible . . . ." *U.S. v. Mumme*, 985 F.3d 25, 36 (1st Cir. 2021) (quoting *U.S. v. Perez-Montañez*, 202 F.3d 434, 438 (1st Cir. 2000)).

Further, Plaintiff's Motion cites to no authority in support of the argument that photographing objects that can otherwise be seen with the unaided eye makes an otherwise appropriate search unreasonable. Rather, Plaintiff cites to *Kyllo v. United States*, 533 U.S. 27 (2001), which involved the use of thermal imaging of a home from afar to gain information that otherwise could not be ascertained without entering the home. Where, here, Plaintiff does not argue that defendants were not permitted to be inside the premises or to view the interior of the monastic chapels, there is no basis for an alleged violation of the Fourth Amendment based on photographing what the defendants could see with the unaided eye.

e. **Equal Protection and Due Process Violations**

In the section of Plaintiff's brief addressed to the likelihood of success on the merits of its Equal Protection and Due Process claims, Plaintiff does not advance any argument specific

15

to Due Process, or argue how or why it is likely to succeed on the Due Process claims alleged in the Complaint. Accordingly, such argument is waived. *See LaVallee*, 736 F.Supp. 3d at 53.

Plaintiff's Motion asserts that it is likely to prevail on its Equal Protection claim because other religious groups were granted tax exemptions without being subject to inspection or photography. However, the Complaint lacks sufficient factual allegations as to how the other religious groups are similarly situated to Plaintiff, and contains only a conclusory allegation, without apparent basis in fact, that other religious groups have not been subject to inspection or photography, and therefore fails to state a claim.

"Plaintiffs claiming an equal protection violation must first 'identify and relate specific instances where persons situated similarly in all relevant aspects were treated differently, instances which have the capacity to demonstrate that plaintiffs were singled out for unlawful oppression.'" *Rubinovitz v. Rogato*, 60 F.3d 906, 910 (1st Cir. 1995) (quoting *Dartmouth Review v. Dartmouth Coll.*, 889 F.2d 13, 19 (1st Cir. 1989) (internal quotation marks and alterations omitted)). To survive a motion to dismiss under Rule 12(b)(6), plaintiffs must allege the correlations with similarly situated persons "with reasonable particularity." *Barrington Cove Ltd. P'ship v. R.I. Hous. & Mortg. Fin. Corp.*, 246 F.3d 1, 8 (1st Cir. 2001). "An equal protection claimant 'may not prevail against a Rule 12(b)(6) motion simply by asserting an inequity and tacking on the self-serving conclusion that the defendant was motivated by a discriminatory animus.'" *Id.* at 10 (quoting *Coyne v. City of Somerville*, 972 F.2d 440, 444 (1st Cir. 1992) (alterations omitted)).

In this case, Plaintiff's Complaint alleges that four other religious groups located in Marblehead are considered exempt from real property taxes, despite that they each receive rental income via leases for use of their property with private companies or otherwise use part of their

properties for non-religious activities. *See* Plaintiff's Fourth Amended and Restated Verified Complaint (Doc. 110), at ¶¶ 34-53. The Complaint further alleges, without factual basis, that "[u]pon information and belief, Defendants have never inspected other churches." *See* Plaintiff's Fourth Amended and Restated Verified Complaint (Doc. 110), at ¶ 56. However, the Complaint fails to allege with the requisite reasonable particularity how the other religious groups are similarly situated to Plaintiff. Based on the vague allegations of the Complaint, it cannot be determined that the other groups are situated similarly in all relevant aspects to Plaintiff, and therefore it cannot be inferred that the other groups were treated differently due to an unlawful reason as opposed to their different circumstances. Further, this court is not constrained to take as true Plaintiff's conclusory allegation that no other churches have been subject to inspection. Even if it is accepted as true that no other churches have been subject to inspection, Plaintiff's Complaint does not contain factual allegations to support that the reason that Plaintiff's property has been subject to inspection is due to an improper motive. Plaintiff's Equal Protection claim is not sufficiently pleaded to survive dismissal.

## CONCLUSION

For all the foregoing reasons, Defendants Adam Costa, Esq., Lisa Mead, Esq., and Matthew Provencher Esq. respectfully request that this Court deny Plaintiff Egypt House's Motion for Temporary Restraining Order and Preliminary Injunction. Defendants further respectfully request that, if a preliminary injunction is ordered, that a bond be issued in an appropriate amount. Finally, Defendants respectfully request such other relief, at law or in equity, to which they may justly be entitled.

                                         Respectfully submitted,

                                         DEFENDANTS ADAM J. COSTA, LISA L. MEAD, AND MATTHEW D. PROVENCHER,

                                         By their Attorneys,

                                         */s/Anne V. Kim*
                                         George C. Rockas, BBO #544009
                                         George.Rockas@wilsonelser.com
                                         Anne V. Kim, BBO #679704
                                         Anne.Kim@wilsonelser.com
                                         Wilson Elser Moskowitz Edelman & Dicker LLP
                                         260 Franklin Street, 14th Floor
                                         Boston, Massachusetts  02110
Dated:  October 27, 2025              (617) 422-5300

                                         *Attorneys for Defendants Adam J. Costa, Lisa L. Mead, and Matthew D. Provencher*

## CERTIFICATE OF SERVICE

     I, Anne V. Kim, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that a true and correct paper copy of the foregoing will be sent those indicated as non-registered participants via first class mail, postage prepaid on October 27, 2025.

                                         */s/ Anne V. Kim*
                                         Anne V. Kim