UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| EGYPT HOUSE, | ) | Civil Action No.: 1:25-cv-10597-BEM |
| Plaintiff, | ) | |
| | ) | **ORAL ARGUMENT REQUESTED** |
| v. | ) | |
| | ) | |
| JOHN P. KELLEY, *et al.,* | ) | |
| Defendants | ) | |

**PLAINTIFF'S MOTION FOR SANCTIONS
AGAINST COUNSEL FOR TOWN DEFENDANTS**

Plaintiff Egypt House, by and through counsel Tracey M.A. Stockton, hereby moves for sanctions against Counsel for Defendants Kelley, Willis, Lederman, Laramie, Bertolino, Tumulty, Percy, Board of Assessors Town of Marblehead, Town of Marblehead, and Thatcher W. Kezer, III (collectively, "Town Defendants"), pursuant to Fed. R. Civ. P. 11 and this Court's inherent authority. In support thereof, Plaintiff states as follows:

1. Town Defendants filed a Motion for Sanctions (ECF No.: 132) based primarily on the argument Father Andrew's participation in media interviews contradicts Plaintiff's religious objections to government photography.

2. Town Defendants failed to conduct reasonable inquiry before filing. Under Fed. R. Civ. P. 11(a)(3), a party filing a motion certifies "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation."

3. Town Defendants failed to investigate: (a) Orthodox Catholic canonical theology regarding consecrated versus unconsecrated space; (b) the temporal distinction that holy relics did not arrive in the United States until February 2025; (c) Father Nectarios' testimony filed in this litigation explaining the canonical requirements but disallowed due to timeliness

considerations (*see* Exhibit 1); and (d) the distinction between voluntary religious expression and government compulsion.

4. The items photographed during the July 23, 2025 inspection (a discrete aspect of the subjection matter) — altars, icons, liturgical objects — are not taxable personal property under M.G.L. c. 59, § 5, Clauses Third, Ten, or Eleven. Town Defendants had no legitimate governmental interest in photographing items exempt from taxation.

5. Town Defendants' Motion for Sanctions mischaracterizes media footage as evidence of "hypocrisy" without acknowledging the footage shows unconsecrated space, while the July 2025 inspection by Town Defendants photographed consecrated space.

6. The reasons for this Motion are more fully set forth in the accompanying Memorandum of Points and Authorities, which is incorporated herein by reference.

**WHEREFORE**, Plaintiff respectfully requests this Court: (1) find that counsel for Town Defendants violated Fed. R. Civ. P. 11(b)(3) by failing to conduct reasonable inquiry; (2) deny Town Defendants' Motion for Sanctions; and (3) award Plaintiff reasonable attorneys' fees and costs incurred in responding to Town Defendants' meritless sanctions motion.

Respectfully submitted,

/s/ Tracey M.A. Stockton
Tracey M.A. Stockton, Esq.
BBO No. 568495
Post Office Box Two
Marblehead, Massachusetts 01945
(617) 800-3979
ts@stpaulsfoundation.org

Counsel for Plaintiff

Dated: December 2, 2025

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Motion was served electronically upon all counsel of record via the CM/ECF system on December 2, 2025.

                                              /s/Tracey M.A. Stockton
                                              Tracey M.A. Stockton